# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

OF THE STATE OF NEW-JERSEY.

OCTOBER TERM, 1834.

---

## Jacob Vanderpool, Polly Danteroches, Nancy Howell and Edward Vanderpool v. James Vanderpool, Executor of Apphia Davenport, deceased.

Where a bill is filed for a surplus or residuum to be paid after the payment of debts and legacies, or other prior incumbrances, the creditors, legatees or prior incumbrancers need not be made parties.

And the rule is not altered, though the legacies are not to be paid immediately, and though a part of the residuum may by possibility be wanted to make up a deficiency arising from accident or loss happening before payment.

But all persons interested in the residuum, though their interest depends on a remote contingency, must be made parties.

No person against whom a decree cannot be had, should be made a party.

Where by the terms of a will the real estate is ordered to be sold, and the residue of the estate, real and personal, is bequeathed, and directed to be paid after the payment of certain pecuniary legacies, which cannot be paid till a future time; the residuary legatees are entitled to an account, and to have the real estate sold and the proceeds applied in the course of administration, before the time arrives for the payment of the particular legacies.

And if such appears to have been the intention of the testator, the court will order the residuum to be paid over to the residuary legatees, before the particular legacies are paid; but this will not be done at the expense of the executor, or at the hazard of his safety.

[Vanderpool et al. v. Ex'r of Davenport.]

Executors and trustees, while acting faithfully in the discharge of their duty, ought in no case to be losers.

BILL by residuary legatees, praying an account of the real and personal estate, and to have the residuum paid over. The cause was heard upon the bill, answer, replication and proofs.

*I. H. Williamson*, for complainants.

*E. Vanarsdale*, for defendant.

Cases cited for complainants. 2 *Cas. in Chan.* 124, 178; 1 *Vernon*, 413; 3 *Bro. C. C.* 229; *Ibid*, 365; 1 *Cox*, 352; 3 *John. Chan. R.* 553; 16 *Vesey*, 326; 1 *Bro. C. C.* 303; 1 *Vernon*, 261.

Cases cited for defendant. *Preston on Legacies*, 236, 304; 2 *Dess.* 115; 1 *Cond. Chan. R.* 465, 186; 3 *Bro. C. C.* 258; 1 *Meriv.* 417; *Ambler*, 34; 1 *P. W.* 495.

THE CHANCELLOR. The complainants are residuary legatees under the will of Apphia Davenport, deceased. They call for an account of the real estate, (which was ordered to be sold,) and also of the personal; and, alleging that the estate is sufficient to satisfy the debts and pecuniary legacies, and admitting that the legacies are to be paid according to the will, they seek to have the clear balance or residuum of the estate ascertained, and to have it paid to them by the executor, according to their respective rights.

The testatrix, by her will, after ordering her debts to be paid, gives to her sister, Catharine King, two thousand dollars, under the following conditions: that the sum of two thousand dollars be put at interest by her executor, and the interest accruing thereon be paid to her yearly while she remains the wife of Henry King; but in case she does not become a widow, and dies before her husband, then the said sum of two thousand dollars to be divided as follows: one thousand dollars to be paid to her

brother, Jacob Vanderpool; the other thousand dollars to be paid, in equal shares, to her sister, Polly Danteroches, and the lawful heirs at law of Deborah Seabury, wife of John Seabury, both now deceased. She also gives to Alexander Mulford the sum of two hundred and fifty dollars, to be paid him when he becomes twenty-two years of age, and in case of his death before that time, that the money be paid to his brothers and sisters in equal shares. She then gives sundry pecuniary legacies payable absolutely, and directs that after the legacies given shall be paid, the remainder of the estate shall go to the complainants in equal shares.

The defendant admits the will, and that the complainants are the residuary legatees ; and craves the direction of the court, in relation to his own safety, and the rights of the complainants. He submits whether he is bound to pay over the residuum of the estate, until all the legacies are fully satisfied ; that there is no plain word of reference in the will whereby the sum of two thousand dollars, *directed to be paid over in case of the decease* of Catharine King in the life time of her husband, is the same two thousand dollars ordered to be put out at interest ; and whether, in case of any loss by insolvency or otherwise, (without the default or negligence of the executor,) such loss would not fall on the executor. He also states, that Alexander Mulford has not yet attained the age of twenty-two years ; that when he shall attain that age he will be entitled to receive his legacy without any abatement or loss, and he insists that if there be loss, it should fall on the residuum of the estate.

The defendant objects that Catharine King and the lawful heirs of Deborah Seabury, and also Alexander Mulford and his brothers and sisters, or at least Catharine King and Deborah Seabury, are not parties to this suit; and that unless they are brought in; he will not be safe in the performance of any decree of the court.

The objection for the want of parties, is not well taken. Catharine King and Alexander Mulford are not interested in the distribution of the estate, or in the account to be taken. If they

were, it would be necessary to make them parties, so that only one account might be taken, and one distribution made. This principle is strictly adhered to. Even when the interest in the residuum depends upon a remote contingency, the persons interested must be made parties: *Sherrit* v. *Brick*, 3 *Bro. C. C.* 229. But a legatee who is entitled to priority of payment, may file a bill for his legacy without making the residuary legatees parties to the suit; and so may creditors, although in this last case there appears to be some reason for making them parties; for, as was said by lord Loughborough, they are interested to resist the demands, lest the residuary fund should be exhausted by collusion: *Lawson* v. *Barker*, 1 *Bro. C. C.* 303; *Wainwright* v. *Waterman*, 1 *Ves. jr.* 311; *Brown et al.* v. *Dowthwaite*, 1 *Madd. R.* 242; *Edw. on Parties*, 138. So where a bill is filed for a surplus or residuum to be paid after the payment of debts and legacies, or other prior incumbrances, the creditors, legatees or prior incumbrancers need not be made parties: *Mitf. on Pleading*, 233, last edition. And the reason is obvious. Their claims and priorities are admitted, and of course they are not interested in the account to be taken. There can be no residuum until they are satisfied.

There is an apparent difference in the case now before the court, from those cited, inasmuch as these legacies are not to be paid immediately, and therefore the legatees may be considered as interested in the residuum, inasmuch as part of it may be wanted to make up any deficiency arising from accident or loss, happening before payment. I think, however, this is not sufficient to break in on the rule, and that if the executor is entitled to any protection against such a contingency, it must be given him in some other way.

As between the complainants in this suit and these legatees, there is nothing to controvert. There is no question as to their rights, and it is not perceived that any valid decree could be had against them; and, in general, no person against whom a decree cannot be had, should be made a party: *De Golls* v. *Ward*, 3 *P. W.* 310, note; *West* v. *Randall et al.* 2 *Mass. R.* 102.

[Vanderpool et al. v. Ex'r of Davenport.]

As regards the main question in the case, the complainants are clearly entitled to an account. They have a right to know how the estate has been managed, and what its present situation is; and they are entitled to have the real estate sold, and the proceeds applied in a course of administration.

The defendant, however, submits to the court whether he is to pay out the residuum of the estate, until the legacies are first fully paid; and if so, whether he is to be held liable for any loss that may be sustained, as the legacies are not to be paid out until a future day, and must be retained in the hands of the executor.

The will on this subject is not without obscurity. It would seem at first, as though the testatrix intended to set apart a particular fund of two thousand dollars out of the estate, the interest of which was to be paid annually to Mrs. King, and the principal, either to her after the death of her husband, or to other persons upon her dying in the life-time of her husband; and if the fund should suffer any loss, it must be borne by those who are to receive it. But I think the instrument should not receive that construction. If Mrs. King survive her husband, she is to receive at the hands of the executor two thousand dollars. There is to be no abatement for loss. It is not the fund that is to be paid to her, or the balance of it, but the specific sum of two thousand dollars, and nothing less. And so if she dies in the life-time of her husband, the specific sum of one thousand dollars is to be paid to Jacob Vanderpool, and the other thousand dollars, in equal shares, to other persons. I see nothing to prevent these persons from calling on the executor for the whole amount, nor do I see how he could defend himself against the claim. Courts of equity have gone very far to protect executors and trustees, while acting faithfully in the discharge of their trusts, and they ought in no case to be losers. The cases of *Soundy* v. *Binyou*, 3 *Bro. C. C.* 258, and *Breton* v. *Lord Clifden*, 1 *Sim. and Stu.* 363, go far to show, that the security shall not be lessened in the hands of the executor; but they are both plainly distinguishable from the one now before the court, and I do not feel justified in placing myself upon them.

Here is a clear estate of upwards of four thousand dollars, besides the real property not yet sold. The amount of the two legacies to be paid out of it is two thousand two hundred and fifty dollars, not more than one half the amount. I cannot think it was the intention of the testatrix that the whole amount should remain in the hands of the executor until the contingencies shall happen upon which the legacies are to be paid out, lest there should be any loss, and yet there are words in the will that favor such construction. For instance, the testatrix gives the residue to the complainants, after the legacies given shall be paid. Now it is plain these legacies cannot all be paid at this time, and some of them may not be paid for years to come. But it is believed, this general and usual direction may be satisfied without leaving the whole of the estate in the hands of the executor, and that the intention of the donor will be best subserved, by construing the will so as to give each one his own with the least delay. This must not be done, however, at the expense of the executor, or the hazard of his safety; and when a decree for distribution shall be made, at the coming in of the account, he will be entitled to such indemnity as the court shall then direct.

Let there be a decree for an account, &c.