## In the Matter of WILLIAM A. JENCKES & another.

Magistrates empowered to take depositions in Rhode Island, may, by force of ch. 187, sects. 15 and 21, of the Revised Statutes, compel, by attachment for contempt, witnesses, duly summoned by them, to appear before them and depose as to what they know relative to any civil suit or action pending in this or any other state or government.

The application of a poor debtor before a master in chancery in Massachusetts, to be admitted to the poor debtor's oath, under ch. 141 of the Supplement to the Revised Statutes of Massachusetts, is a civil suit, in the sense of the deposition act of Rhode Island, notwithstanding his creditors have filed charges of fraud against him before the master in chancery; and a Rhode Island magistrate may compel witnesses to give their depositions here, to be used against the debtor in Massachusetts, upon such an application.

APPLICATION for a writ of *habeas corpus*, setting forth that the applicants were in the custody of an officer under a writ of attachment issued against them by Horatio A. Rogers, Esq., a justice of the peace in the city of Providence, for contempt, and praying that they be relieved from said restraint, as unauthorized and illegal.

At the hearing of the application, it appeared, that the applicants were duly summoned to appear before said justice, at his office, on the third day of May, 1859, at 10 o'clock, A. M., to depose as to what they knew relative to the application of William H. Jenckes of Cumberland to take the poor debtor's oath, then pending before Henry C. Rice, Esq., a master in chancery within and for the county of Worcester, in the commonwealth of Massachusetts, wherein Charles W. Freeland & Co. of said Worcester were creditors and respondents; that said creditors had filed before said master charges of fraud against their debtor, the said Jenckes, under the provisions of chapter 141 of the Supplement to the Revised Statutes of Massachusetts, and that said application and charges were pending before said master; and that, denying the authority of the magistrate, Rogers, to compel them to give their depositions to be used in such a proceeding in Massachusetts, they had neglected and refused to appear before him to depose, as in his summons required. The magistrate, thereupon, issued a writ of attachment against them to bring them before him, to depose as aforesaid; and whilst in custody under this writ, and before being brought

before the magistrate, they made their application to this court for relief, by a writ of *habeas corpus.*

*Robinson,* for applicants:—

The magistrate has jurisdiction to summon the applicants, and to take their depositions, only by virtue of ch. 187, sect. 15, of the Revised Statutes; that is, only where the depositions are to be used "in the trial of any *civil suit* or *action.*" This proceeding in Massachusetts is neither a "suit" nor "an action," in the sense of the statute; as may be seen by comparing this section with section 7 of the same chapter, which gives a summons to witnesses, and uses the words "suit or *proceeding,* civil or criminal," as words of larger signification. Indeed, all the sections of this chapter, from sect. 16 to sect. 26, inclusive, indicate that the depositions contemplated to be taken under it are to be taken for use in "*courts;*" and not in mere proceedings before magistrates in this state, or elsewhere.

But further, this proceeding in Massachusetts, though upon the filing of charges of fraud declared to be in the nature of a suit at law, to which the debtor is to plead guilty or not guilty, is, after such charges are filed, a *criminal* suit, upon conviction under which the debtor may be sentenced to confinement at hard labor in the house of correction for a term not exceeding one year, or in the county jail for a term not exceeding six months. Supplement to Rev. Stats. of Mass. ch. 141, §§ 11–15. *Chamberlain* v. *Hoogs,* 1 Gray, 172.

*Brownell,* against the application:—

An application by a poor debtor to be admitted to the oath, with creditors cited, is a suit between litigants—the debtor and his creditors; the accepted meaning of the word "suit" being extensive enough to embrace such a proceeding. *Weston* v. *City Council of Charleston,* 2 Pet. 449; Bouvier, Law Dict. tit. Suit.

But whether there was a suit pending, was matter for the magistrate to decide; and he having decided it, by issuing his citation and summons, his decision is conclusive. *Angell* v. *Robbins & others,* 4 R. I. Rep. 493. Neither can this court go into the question, whether this proceeding in Massachusetts is *quasi* criminal, for the same reason; and if criminal, no harm

can come from compelling these applicants to depose, inasmuch as in such case the depositions cannot be used.

The proceeding, however, is a civil proceeding,—an application of a poor debtor to be relieved from imprisonment for debt,—and so far as action of the commissioner upon that application is concerned, remains such throughout, although the debtor, if convicted in the course of the ancillary proceeding for fraud, may be punished as a criminal. *Parker* v. *Page*, 4 Gray, 533, where see the case of *Chamberlain* v. *Hoogs*, 1 Gray, 172, considered and reviewed.

BRAYTON, J. The petitioners, in this application, ask to be relieved from imprisonment upon the writ of attachment, by virtue of which they are now held, on the ground that the magistrate who issued it had no lawful authority to issue such process; and they claim, that the magistrate has no authority to take the depositions which he proposes to take, or to summon the petitioners for that purpose; and that the whole proceeding is unauthorized by the statute.

The statute under which the magistrate proceeded to act, as contained in ch. 187, sect. 15, of the Revised Statutes, provides, that, " It shall be lawful for any justice of the supreme court, justice of the peace, or public notary, to take the deposition of any witness to be used in the trial of any civil suit or action," &c., " which may be commenced or pending in this state, or in any other state or government;" and by section 21 of the same chapter, it is provided, that any person may be compelled to appear and depose as aforesaid within this state in the same manner as to appear and testify in court.

The statute is express, that if there be a civil suit pending, the magistrate may summon any witness to appear before him to give his testimony relating to such suit; and if he refuse to attend, or having appeared, refuse to testify, the magistrate may exercise the usual power of a court of record, and attach the witness as for contempt of his authority, and commit him until he shall submit to an examination. And this he has authority to do, whether such suit be pending in the courts of this state, or in any other state or government. The statute was intended to extend that comity, which is properly due from

one state to another, to every foreign jurisdiction; and in all civil controversies, to enable such foreign state to administer justice, without let or hindrance here; and by enabling the parties litigant to procure such testimony as may be necessary for the determination of the questions in issue between them, to prevent a failure of justice, which it is equally the interest of every civilized state should not occur. This power is conferred as ancillary to the court which has jurisdiction of the suit, and in aid of its proceedings. It is confined to civil suits, and does not extend to criminal proceeding; criminal law being strictly local, and a subject to which the comity of states does not extend.

The power of the magistrate depends upon the fact that a civil suit was pending at the time at which the testimony of the witnesses was to be taken. If there were no such suit, clearly the magistrate had no power to summon. This is the condition upon which alone he has power to act at all.

It is not sufficient, as contended by the respondent, that the summons issued by the magistrate states that the testimony is to be used in a civil suit, and that such suit is pending, or that it be stated in the writ of attachment. Neither the summons nor the writ concludes the witness as to this fact. The statement of the magistrate in the summons is not, as contended, in the nature of an adjudication. The magistrate, in issuing his summons, is not acting judicially, but ministerially; and his subsequent power to attach for contempt of such summons depends upon his power, in the first place, to summon at all. His proceedings are not in the nature of a suit against the witness, that they should, in any contingency, bind him as to the existence of the condition upon which the magistrate had power to act; and even if he were acting judicially, still the question of his jurisdiction would be open to inquiry, since, if he act out of his jurisdiction, his proceedings would be *coram non judice* and void. The case of *Angell* v. *Robbins & others*, 4 R. I. 493, has no application to the question here made. In that case the justice was authorized to issue a citation, in favor of an applicant for the poor debtor's oath, to his creditor, upon condition that a change of circumstances of the debtor, since

the last citation to such creditor, had taken place. Such change was to be proved by the debtor, upon evidence to be submitted to the justice; and so, from necessity, the justice was to determine, upon the proof, whether a change had occurred. As to that question, he was constituted a judge. There is no such provision as to taking depositions; and whether the condition existed, upon which the power to summon is given, is a matter open to inquiry.

We are only to inquire, then, whether there was a civil suit pending, in which the testimony was to be used. The testimony was to be used in the matter of the application of William A. Jenckes to take the poor debtor's oath, then pending before Henry C. Rice, a master in chancery, at Worcester, in the state of Massachusetts. His creditors, Charles W. Freeland & Co., are respondents in that application. This application was to be heard and determined by said master, upon evidence to be submitted before him. The statute of Massachusetts authorized such application, trial, and determination. It is agreed that such a proceeding was pending.

It is however contended by the petitioners, that such a proceeding is not a suit or action, within the meaning of the act authorizing the taking of depositions. This proceeding falls within the definition of a "suit," given by Marshall, C. J., in *Cohens* v. *Virginia*, 6 Wheat. 407:—"the prosecution, or pursuit, of some claim, demand, or request;" "the prosecution of some demand in a court of justice." It is the pursuit of a right or remedy in form of law. Burrill's Law Dict. 955. This is clearly the pursuit of a right or remedy, given by the laws of Massachusetts, prosecuted in the forms of law, and to be judicially determined. Within the common-law definition of suit, this clearly is of that character; and we see nothing in any of the other sections of this chapter which leads to the conclusion, that the terms "suit or action" were intended to be used in other than the sense of the common law.

On the contrary, in looking at the various provisions of this chapter, it is quite evident that these terms were used in the most enlarged sense, and to enable parties litigant to procure evidence existing here, in all civil controversies. Section 5 au-

thorizes auditors, referees, arbitrators, masters in chancery, and commissioners to summon witnesses; and section 7, referred to by counsel, and which declares.that the witness shall be obliged to attend, if summoned, uses the terms "suit or proceeding." This section relates to the attendance of witnesses, personally, at the hearing of such suit or proceeding. Section 22 provides, that the deposition may be used as evidence in any *cause* in which it may be taken to be used. Section 24 uses the same term, "cause." Section 27, providing for the taking of depositions here, by commission from another state, uses the terms "any cause pending in any other government."

We think, from the general scope of this chapter, that it was designed, in the most enlarged sense, to enable evidence to be taken here which may be material or necessary for the determination of all civil controversies pending elsewhere, which may be presented in form of law; and that the power was not intended to be limited to actions, strictly so called, or suits pending in courts of record; but extends to all matters, to be determined by competent authority, acting judicially, and upon proof.

But it is said that though this be a suit within the meaning of the act, it is nevertheless not a *civil* suit, but is *criminal.* It is sufficient to say here, that this has been determined otherwise by the supreme court of Massachusetts,—*Parker* v. *Page,* 4 Gray, 533, in which it is held to be a civil proceeding.

There was then a civil suit pending, in which the testimony was to be used; and so the condition upon which the magistrate had power to act existed; and upon application for that purpose, it became his duty to summon the witnesses in this case. In contempt of that summons, and of the authority of the magistrate, they refused to obey the summons, or to appear or testify. Had the power of the magistrate ceased here, the whole purpose of section 15, authorizing the taking of depositions, would be defeated. The magistrate would be left without the power of discharging the duty imposed upon him, and the party be as far from procuring the evidence sought, as if the power to summon had not been given.

That the purpose of the act may not thus be defeated, it is

provided in section 21, that the magistrate shall have the like power to compel the witness to appear and depose, as courts of law have to compel a witness to appear and testify in court. The power is conferred upon him for the same reason that it is conferred upon the court,—that justice shall not fail. It is to be exercised in the same way, by process of attachment against the witness who disobeys the summons. Upon such process, rightfully issued by the magistrate, the petitioners are now imprisoned. They cannot be properly relieved until they appear and submit to testify; and their petition for the writ of *habeas corpus* must be dismissed.