## Case No. 2,776.

### CLAFLIN v. ROBBINS.

[1 Flip. 603;[1] 4 Am. Law Rec. 505.]

Circuit Court, N. D. Ohio. Oct. Term, 1876.

REMOVAL—ON MOTION TO REMAND—SUIT AT LAW —WHAT IS IT?

1. The definition of a suit of a civil nature under the removal act [March 3, 1875; 18 Stat. 470].

[Cited in Fidelity Trust Co. v. Gill Car Co., 25 Fed. 745.]

[2. A proceeding under the Ohio statute to compel an assignee for the benefit of creditors to allow a claim is a suit at law within the removal act.]

[Action by H. B. Claflin & Co. against Ambrose M. Robbins, assignee of George V. De Forest.]

Homer B. De Wolf and R. P. Ranney, for plaintiffs.

Ingersoll & Williams and Grannis & Henderson, for defendant.

WELKER, District Judge. The plaintiffs filed their petition in the court of common pleas of Cuyahoga county, on the 28th of June, 1875, against the defendant as assignee of George V. De Forest, alleging that De Forest was indebted to them on sundry notes described in the petition, amounting in all to over eighty-six thousand dollars; that on the 11th day of September, 1874, De Forest made an assignment for the benefit of his creditors to the said Robbins; that the trust was duly accepted by the said Robbins on the 15th of September thereafter, and he was duly qualified as such; that within six months after legal notice of the assignment and qualification, the plaintiffs presented their claims, duly authenticated, to the said assignee for allowance, and who then rejected the same and endorsed his disallowance thereon; and praying judgment against said assignee that he allow the claim in the settlement of his trust and for costs of suit.

Before answer, and before the term of the court of common pleas at which the case could be first tried, the plaintiffs filed their petition in said court for removal of the suit to this court and the necessary affidavit with bond and surety. Thereupon the said court accepted the surety and ordered that no further proceedings be had in said court. On the 15th of July, 1875, the plaintiffs entered in this court a copy of the record in the suit, and the case was accordingly docketed.

The defendant files a motion to remand the action to the court of common pleas, for

---

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

the following reasons: 1st—That the action was improperly removed to this court. 2d—That it does not really and substantially involve a dispute or controversy properly within the jurisdiction of this court.

On the hearing it was admitted that plaintiffs were nonresidents, and had complied with all the provisions of the statute for removal, and the only question raised and insisted upon was as to the character of the suit; whether it is covered by the statute authorizing removals, and comes within its provisions. The statute provides (section 2): "That any suit of a civil nature, at law or equity," may be removed, etc. Is this, then, a suit of "a civil nature, at law?" In order to determine this question it will be necessary to examine the statute under which the suit was instituted. It is founded upon the statute of Ohio "regulating the mode of administering assignments in trust for the benefit of creditors," which provides in section 74 (1 Swan & C. 710), as follows: "Creditors shall present their claims within six months * * * to the assignee for allowance, and the assignee shall endorse his allowance or rejection thereon, and claimants whose claims are rejected shall be required to bring suit against the assignee to enforce such claims within thirty days after the same shall have been rejected, in which, if he recover, the judgment shall be against the assignee, that he allow the same in the settlement of his trusts, with or without the costs, as the court shall think right; provided, however, that the assignee may make any defense to such action that the assignor might have made to a suit instituted against him before the assignment for the same cause of action."

What is a suit at law? It is defined in 2 Bouv. Law Dict. 558, to be an action, civil action, and applies to any proceeding in a court of justice in which the plaintiff pursues in such court the remedy which the law affords him. It will be seen that the proceedings authorized and directed in this statute embody all the elements of a suit at law —provide for a trial and a defense, a recovery and a judgment for the amount claimed, and for costs. The only difference between this and other actions consists in the fact that after judgment no execution is issued in the usual form, but instead thereof the assignee is required to allow the claim, which will entitle the plaintiff to a pro rata share of the estate in his hands, and is in this way executed. In all other respects the trial is to be conducted in the same manner as if the assignor were sued. It will also be observed that no tribunal is fixed in the statute in which the suit must be prosecuted, nor any particular form or mode of proceeding prescribed, leaving the parties to their rights to select the courts having jurisdiction of the case, and the modes and forms adopted therein.

It is claimed that this suit is only authorized by the statute. This is true, but it must

also be borne in mind that after suit is brought it is to be conducted to judgment like other suits at law, involving all the incidents of other trials and may be tried even by jury as other cases. The assignee is not an appointee of the probate court under the statute. He is selected by the assignor in his instrument of assignment. These assignments in Ohio are common law assignments. The statute in question does not authorize them, but only undertakes to "regulate" them. The probate courts only get control of such assignments when either the assignee, assignor, or some creditor files such assignment in the probate court. If not so filed such trusts would be under the control of the common law courts of the state, if appealed to by any persons interested therein.

This action is a suit at law, and comes clearly under the description of "suits authorized" to be removed from state courts to this court. The motion is therefore overruled.