In the matter of the estate of CHARLES MEYERS, deceased.

[Decided June 18th, 1906.]

1. The orphans court has no power under the Orphans Court act (*P. L. 1898 p. 789 § 197*), authorizing the court in causes respecting the probate of a will to order the costs of the litigation to be paid out of the estate of the deceased, to allow proctor's fees payable out of the estate of the decedent in proceedings to open the probate of his will, on the ground that some of the next of kin had not been cited on the application for probate, and that the withdrawal of a contest had been induced by fraud.

2. Where an executor has been discharged, and a distribution of the estate has been made, the orphans court has no jurisdiction to make an order which imposed a counsel fee as part of the costs and expenses of litigation upon the decedent's estate.

On appeal from a decree of the orphans court of Cape May county.

*Mr. William T. Boyle*, for the appellant.

*Mr. Matthew Jefferson* and *Mr. John W. Wescott*, for the respondent.

MAGIE, ORDINARY.

The state of the case presented by this appeal is the same which was before me, on the appeal decided by me in *Myers' Case, 67 N. J. Eq. (1 Robb.) 560*, with an addition setting out the order from which this appeal has been taken. The facts were so fully stated in the opinion above referred to that I deem it unnecessary to repeat them. The decree made thereon reversed a decree of the orphans court, which had opened the probate of the will of Charles Myers, and reinstated a caveat thereto, which had been withdrawn a long time before. This reversal was made November 22d, 1904.

The order now appealed from was made by the orphans court on March 30th, 1906. It recited that the court making it was satisfied that the petitioners before it had reasonable cause for

contesting the validity of the will of Charles Myers, and it thereupon ordered a proctor's fee of $2,500 to be paid by the trustees under said will, out of the funds of Charles Myers' estate.

In my judgment, the orphans court possessed no jurisdiction to make this order, which imposed a counsel fee as part of the costs and expenses of litigation, upon the estate of the deceased. Its power is derived alone from the provisions of section 197 of the Orphans Court act of 1898. *P. L. 1898 p. 789.* It is thereby limited to litigation arising on a contest respecting the validity of a will offered for and admitted to probate. In this case, the will had been admitted to probate six years before the litigation begun by the parties, whose proctors were the subject of this allowance, had commenced. The contest over the admission of the will to probate had been raised by a caveat, but it ceased by the withdrawal of the caveat. It was therefore admitted to probate without contest. These proctors were not then concerned. Afterwards they procured an order to show cause why the probate should not be opened. They prosecuted the same and obtained the order which was reversed in this court. Their prosecution of the order to show cause did not involve at all the validity of the will. The contention was that some of the next of kin or heirs-at-law had not been cited upon the application for probate of the will, and that the withdrawal of the caveat had been induced by fraud. On these grounds they sought a right to contest the validity of the will, but disclosed no grounds for such a contest. Nothing appears upon which the court could say that there was a reasonable ground for contesting the validity of the will.

There is another ground on which this order must be reversed. The case shows, beyond doubt, that the estate of Charles Myers has been fully settled. The executor has been discharged, and distribution of the estate has been made. What remains in the hands of him who was executor, is in his hands as trustee under the will. In my judgment, no power exists in the orphans court to impose such fees upon the trust estate under such circumstances.

The order appealed from will be reversed, with costs.