WILLIAM B. RIKER & SON COMPANY et al.

*v.*

UNITED DRUG COMPANY.

[Argued June 21st, 1911.  Decided March 4th, 1912.]

1. The power of corporations to consolidate and merge exists only by virtue of plain legislative enactment.

2. Revised Corporation act (*P. L. 1896 p. 309 § 104*), authorizing consolidation of corporations, is limited to those organized under the laws of New Jersey, and does not empower a New Jersey corporation to merge with a Massachusetts company.

3. Where an alleged reorganization of a New Jersey corporation was in fact an illegal attempt to consolidate with and turn over its business to a Massachusetts corporation, such transaction could not be accomplished by a vote of the majority of the stockholders; and hence a dissenting stockholder is entitled to an injunction restraining the completion of the plan.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Emery, whose opinion is reported in *78 N. J. Eq. (8 Buch.) 319.*

Mr. *Robert H. McCarter* and Mr. *Albert E. Seibert* (of the New York bar), for the appellants.

*Mr. John R. Hardin,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

This is an appeal from an order denying a preliminary injunction restraining the defendant, its officers, directors, tellers and inspectors from submitting to the stockholders of the company a proposition to take action upon a resolution of the board of directors providing that the defendant corporation should be dissolved, and prohibiting them from passing any resolution or receiving or counting any votes in favor of any resolution designed to carry into effect or accomplish any proposition to dissolve the said company.

The United Drug Company is a New Jersey corporation. The proposed dissolution is a step in the carrying into execution of a plan formulated by the board of directors of the company for its "reorganization," and outlined by the board in a communication, sent by it to the several stockholders of the company upon the same day that a resolution was passed by it, reciting that, in the judgment of the board, it was for the benefit of the corporation that it should be forthwith dissolved and that a meeting of the stockholders should be held to take action upon that resolution.

The material parts of the resolution (so far as the matter before us is concerned) are as follows:

"To the stockholders of the United Drug Company. Your directors have had under consideration for some time the desirability of a reorganization of the affairs of the United Drug Company. They have had in mind, among other things, the accomplishment of the following results —first, owing to the remarkable increase in the business of the company, it is necessary to provide not only for additional capital to meet its immediate requirements, but also to put the company on such a basis that it can obtain from time to time in the future such additional capital as may be needed; second, * * * ; third, a substantial part of the business of the company is now conducted by the United Laboratories Company, the United Perfume Company, the United Candy Company and the United Stationery Company, all subsidiary corporations of the parent company. It is proposed to eliminate these subsidiary companies, to place the ownership of all these in one corporation, and obtain greater simplicity in accounting, and to some extent eliminate an un-

necessary duplication of expense. With the approval of your directors, therefore, the following plan for the reorganization of the affairs of the United Drug Company has been proposed: Your directors have authorized the organization of a corporation under the laws of Massachusetts by the name of United Drug Company. * * * The United Drug Company (of Massachusetts) has offered to purchase all the property and assets of the United Drug Company (of New Jersey), subject to all its indebtedness, and to pay therefor as follows:"

viz., by delivering to the holders of stock of the New Jersey corporation in exchange for that stock shares of the stock of the Massachusetts corporation. The communication then concludes thus:

"Your directors unanimously recommend the acceptance of the proposed plan of reorganization, and pending action by the New Jersey Company recommend an immediate exchange of the stock of the New Jersey company for stock of the Massachusetts company in accordance with the terms of the offer. If for any reason it should become either necessary or desirable to delay the dissolution of the New Jersey corporation and the transfer of its assets, or even to continue its corporate existence, the practical accomplishment of the plan would not be affected, as the Massachusetts corporation would by the exchange become the controlling stockholder of the New Jersey corporation."

Manifestly, the prime purpose of the scheme outlined in this communication is not the winding up of the New Jersey corporation and the distribution of its assets, or the proceeds of the sale thereof, among its stockholders, but the absorption of that company by the Massachusetts corporation, the transfer not only of its assets but of its business, to that corporation, and the future carrying on of that business by the Massachusetts corporation under the name of the defendant company. The scheme, in its essence, whatever it may be in form, is not a plan for the reorganization of the New Jersey company, nor even for the winding up of its business and its dissolution within the meaning of the latter word as used by our Corporation act, but is a scheme for its merger into or consolidation with the Massachusetts corporation. *State* v. *Atlantic City and Shore Railroad Co.*, 77 *N. J. Law (48 Vr.) 466, 483.*

Consequently, the fundamental question now to be decided is whether a corporation of this state, organized under our General Corporation act, may legally be merged into or consolidated with

a corporation created by and organized under the laws of a sister state. The answer to this question seems to us not to be in doubt. As was said by this court in *Colgate* v. *United States Leather Co., 75 N. J. Eq. (5 Buch.) 229,* the power of corporations to consolidate and merge is not to be implied, and exists only by virtue of plain legislative enactment; and no statute of our state can be found which authorizes the proposed scheme. The only right given, by our legislature, to two or more corporations to merge or consolidate into a single corporation, is expressly limited to those which are organized under the laws of our own state. *Revised Corporation act § 104; P. L. 1896 p. 309.* The proposed plan for the so-called "reorganization" of the defendant company is, therefore, in violation of the law of the state whose creature it is; and, this being so, any stockholder who refuses to consent thereto is entitled to the aid of a court of equity to prevent its being carried into execution. Each stockholder of the company owns a share in its property and assets, and is entitled to have a proportionate share in its profits. They have invested their capital in it, and in it alone, and they are entitled to every dollar that it earns. This is the agreement of the stockholders among themselves. They each contract with the other that their money shall be employed for the purposes specified in the certificate of incorporation, and for no other purpose, and that the profits of the enterprise shall be ratably apportioned among them. In the absence of legislation permitting a variation of the provisions of this fundamental contract, by vote of a majority of the stockholders, no majority, however large, has a right to divert any part of the joint capital, however small, to any purpose not consistent with and growing out of this original, fundamental agreement. *Black* v. *Delaware and Raritan Canal Co., 24 N. J. Eq. (9 C. E. Gr.) 456, 463; Mills* v. *Central Railroad Co. of New Jersey, 41 N. J. Eq. (14 Stew.) 1; Colgate* v. *United States Leather Co., supra.*

The scheme, in the carrying out of which the dissolution of the company is a proposed step, is a fraud upon the statute (the word is used in a legal, not a moral sense); and every act done in furtherance thereof, no matter whether it be legal, standing alone, or not, is equally a fraud upon the statute. This being so, the

complainants were entitled to an injunction to restrain the proposed invasion of their rights under the contract of incorporation, as soon as it was made manifest that such invasion was in fact contemplated.

The order denying the preliminary injunction will be reversed and the case remitted to the court of chancery, with a direction that an injunction do issue restraining the defendant company, its officers and directors, from submitting to its stockholders for action thereon by them the resolution of the board of directors of the company advising its dissolution.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE—12.