MAGGIE J. WEST et al., appellants-respondents,

*v.*

THE RECTOR, &c., OF ST. JAMES' EPISCOPAL CHURCH OF LONG
BRANCH, respondent-appellant.

[Argued November 24th, 1913.  Decided June 15th, 1914.]

The allowance of costs and counsel fees out of a trust fund is as a rule
limited to suits instituted by executors or trustees for the construction
of a will, and suits by claimants to such fund in which the claims are
successful.

On cross-appeals from a decree of the court of chancery ad-
vised by Vice-Chancellor Lewis, whose opinion is reported in *82
N. J. Eq. 546.*

*Mr. William J. Leonard,* for the West heirs, appellants-re-
spondents.

*Mr. Gilbert Collins* (*Mr. Charles B. Bradley* on the brief),
for the St. James' Church, respondent-appellant.

The opinion of the court was delivered by

PARKER, J.

So far as relates to the principal question in the cause, whether
the case is one for the application of the principle of *cy pres,*
we think the decree should be affirmed for the reasons given in
the opinion of the vice-chancellor.

The point is now made that the fund in question never vested
in St. James' Church, because Rufus T. West had a child who
predeceased him and that this defeated the remainder to the
church; but a glance at the language of the will makes it
perfectly plain that the issue would take only in case of surviving
the parent, and that the death of both life tenants of the income

(the principal being committed to trustees), without issue them surviving, vested the right to the principal in the church.

On the appeal of the West heirs the decree should be affirmed.

The vice-chancellor allowed them costs and a counsel fee of $500 out of the fund; and this provision of the decree is the basis of a cross appeal by the church.

We do not think that the case was a proper one for the allowance to the West heirs of costs and counsel fees out of this fund. They were not necessary nor proper parties to the original suit, nor was it strictly a suit for the construction of a will. It was a bill by the trustee of an existing fund established for a charitable purpose, against the attorney-general, setting up that the specific intent of the donor could not be carried out, and asking that the general intent be ascertained and the fund disposed of pursuant to that intent and in conformity with the doctrine of *cy pres.*

In that suit the heirs were permitted without objection to intervene by petition and thereupon they made the various claims that have been disposed of adversely to their contentions. If they had brought an independent suit against the trustee, claiming title to the fund, they would in all probability have been mulcted in costs. That they were permitted to come into this suit gives them no better standing as to the expense of their litigation. The ordinary rule is that costs will be allowed to executors or trustees under a will and to the other proper parties in a suit by such executors or trustees to clear up some obscurity or doubt in the will. But costs should not be awarded to an unsuccessful claimant who has brought suit to recover part of the estate.

"If a person claims as legatee, and his bill is dismissed, he will not be entitled to his costs out of the estate, notwithstanding there is an ambiguity in the will which renders it necessary to apply to the court for its construction." *Dan. Ch. Pr. ch. 30 § 3 p: 1502.*

A similar rule should apply to heirs claiming intestacy, as in this case. So also in *Larkin* v. *Wikoff, 79 N. J. Eq. 209,* this court refused costs and counsel fees out of the fund to complainants asking enforcement of the trust.

The award has been almost invariably confined to suits by the administrators of a fund for the construction of a will, and not applied to such suits brought by interested parties. And the reason is obvious, that to award costs and counsel fees to unsuccessful complainants in such cases would be to encourage unnecessary and frivolous litigation. In *Halsted* v. *Meeker, 18 N. J. Eq. 136,* the complainant was a *cestui que trust* and sought a construction of a will in her favor. The chancellor allowed her costs out of the estate on a decree adverse to her claim, but refused a counsel fee. In the case at bar the intervenors, for reasons already given, are not entitled to their costs. So much of the decree below as allows them costs out of the fund will be reversed, with directions to enter a decree that the parties in the cause below pay their own costs. The respondent-appellant, St. James' Church, is entitled to costs in this court.

On appeal of the West heirs, appellants-respondents—

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER—11.

*For reversal*—None.

On appeal of the Rector, Warden and Vestrymen of St. James' Church, respondent-appellant—

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER—11.