.In re Dreier's Estate.          *83 N. J. Eq.*

In the matter of the estate of SAMUEL DREIER, deceased.

[Argued October 6th, 1914.   Decided October 15th, 1914.]

1. Where, on an accounting by trustees, they furnish vouchers for each item excepted to, swore that they were contracted by them and that the expenditures were necessary in preserving the property, and also produced some of the parties with whom they contracted to do the work, who gave corroborating testimony—*Held*, that more was not required by the trustees to entitle them to these allowances, and that additional direct proof was not required to show that the work which was done and materials which were furnished were reasonably worth what was paid for them.

2. In the absence of fraud involving the disputed items, and upon proof that the work was done, that it was necessary, and that the price paid was according to the regular course of trade, the presumption of fairness of value arises.

3. It was the duty of the trustees to have prepared their own account and a charge for an item paid to counsel for "services drawing first account, presenting same, and appearance on return day," should be disallowed.

4. An allowance of a counsel fee to the trustees is proper, but no allowance to the exceptant, who is defeated, should be made.

On appeal from the Union county orphans' court.

*Mr. William R. Wilson,* for the appellant.

*Mr. William Newcorn,* for the respondent.

BACKES, VICE-ORDINARY.

The testator devised the residue of his estate to his two sons, in trust, to divide the income in monthly or quarterly payments, for a period of fifteen years, equally among his four children and the issue of a deceased daughter, and at the expiration of that time to divide the principal in five equal parts; one part to go to each child or its issue. The trustees, who were also executors under the will, filed their first trustees' account, which was in all things allowed; the orphans court overruling exceptions,

sixty-two in number, filed by one of the beneficiaries, who now appeals.

Exceptions numbers 3 to 58, respectively, challenge as many specific items of discharge, of which fifty-two are for moneys laid out by the trustees for repairs and improvements to real estate committed to their care. That these outlays were judiciously made in the conservation of the estate is satisfactorily shown by the proofs, and the exceptions were properly overruled. The trustees furnished vouchers for each item excepted to, swore that they were contracted by them, and that the expenditures were necessary in preserving the property. They also produced some of the parties with whom they contracted to do the work, who gave corroborating testimony. The counsel for the exceptant, in effect, contends that more was required of the trustees to entitle them to these allowances, and that additional direct proof should have been furnished to show that the work which was done, and materials which were furnished, were reasonably worth what was paid for them. I do not think that any such burden is placed upon accountants. In the absence of fraud involving the disputed items, and upon proof that the work was done, that it was necessary, and that the price paid was according to the regular course of trade, the presumption of fairness of value arises. The fact that the trustees are two of the beneficiaries of the estate, adds to the presumption, because of the natural tendency to protect their own inheritance.

Of the remaining exceptions, of 3 to 58, inclusive, five relate to legal services in connection with litigation, to which the trustees were subjected. The services of counsel and expert witnesses were necessary to successfully prosecute and defend the suits, and the charges therefor were reasonable.

In disposing of the balance of the exceptions which charge that the rental values of the properties decreased by reason of the trustees' mismanagement; and because of their carelessness the cost of repairs on the properties equaled fifty per cent. of the rents collected, and that these repairs were not always necessary; and that owing to the negligence of the trustees, legal expenses were contracted, which were not necessary; that the trustees failed to account for silverware, diamonds, jewelry, a certificate

of stock in a land company, and rent of a barn, all that need be said is that they are not supported by the proofs, except in a single instance of an item of $75 paid to counsel for "services drawing first account, presenting same, and appearance on return day." It was the duty of the trustees to have prepared their own account, and this charge should have been disallowed. *In re Wiley's Estate, 65 Atl. Rep. 212.*

Appeal is also taken from so much of the decree as allows a counsel fee of $200 to the trustees, and $50 to the exceptant. The amounts are not assailed. The allowance of counsel fee to the trustees was proper. *Munn* v. *Munn, 20 N. J. Eq. 472.* The appeal from the allowance to the exceptant is sustained. The exceptant was defeated in her efforts in the court below, and no allowance for counsel fee should have been made to her. *Smith* v. *McDonald, 69 N. J. Eq. 765; 71 N. J. Eq. 261.*

The orphans court imposed the cost of the transcript of the evidence filed with the surrogate, and the witness fees of the trustees, upon the exceptant, from which an appeal is also taken. The obviously litigious temperament of the exceptant was in a large measure responsible for the voluminous record of some four hundred pages, and the judgment of the lower court in imposing upon her these disbursements will not be disturbed. *Comp. Stat. p. 3884 § 196.*

In their account the trustees charge themselves with $302.92 recovered on a judgment against the exceptant, and pray allowance for the same as against the exceptant's proportionate share of the funds in their hands. No exception to this allowance was filed in the court below, and had there been, it could not have been upheld. The sum, and more, was awarded to the trustees by the solemn judgment of a legal tribunal, and is not open to collateral attack.

The decree appealed from will be reversed, and the record remitted. No costs.