This is an appeal from an order made by Judge Corio in the Atlantic county orphans court ordering that counsel fees and expenses be allowed and paid out of the estate of decedent.
The circumstances under which the order appealed from was made were that the Guarantee Trust Company of Atlantic *Page 419 
City was the administrator of the estate of Sophia Loudenslager, deceased, and as such filed a petition in the Atlantic county orphans court setting forth, inter alia, the following facts:
(a) That "the deceased left no husband, no children, no legal representatives of any child, no brothers or sisters, or any representative of deceased brothers and sisters."
(b) Petitioner was advised and believes that the estate of the deceased should "be distributed equally to the next of kin in equal degree of or unto the intestate, and their legal representatives."
(c) That the administrator is advised that the next of kin in equal degree of and unto the intestate are "the children of William Silence, a brother of Sophia Loudenslager, mother of the intestate; and the legal representatives of said children; and the children of Anne Loudenslager, and others, brothers and sisters of Henry C. Loudenslager, father of the intestate, and the legal representatives of such children."
(d) Petitioner has been informed and therefore says that "it is claimed by some of those related to the intestate that second cousins and cousins first removed are entitled to participate in the estate of the deceased as next of kin, in equal degree of and unto the intestate."
(e) Petitioner alleges that it is ready to make a partial distribution, "but in view of the aforementioned contention would not be warranted in doing so without an order of this court."
The orphans court made the order prayed for and directed the proctors to notify all parties in interest, or who might claim an interest in the estate, to show cause why an order should not be made for a partial distribution of the estate on the date therein mentioned, "at which time the court will hear proofs and determine who are entitled to participate in said distribution and the extent of their respective interests."
From the record before me, it appears that a great many claimants to share in the estate appeared and that testimony was taken and briefs were submitted, as a result of which the court ruled that those entitled to participate in the estate were first cousins and first cousins once removed. *Page 420 
The only point argued on the appeal is that the orphans court lacked the power to allow counsel fees to the attorneys representing the persons who had been served with the rule to show cause. The amount of the awards is not attacked.
It is conceded that there was no power in the court to award counsel fees to be paid out of the estate by virtue of the provisions of sections 197 of the Orphans Court act, the subject in dispute being the right to participate in distribution and not the question of probate.
The judge of the orphans court made the allowance, as he said, under the provisions of section 196 of the Orphans Court act, which section reads as follows:
"In all litigated suits in the orphans court, the court shall adjudge and direct which party shall pay the costs and expenses of such litigation, and shall have the power to apportion and determine the costs and expenses to be paid by either party."
Appellant says, in the first place, the proceeding under consideration was not a litigated suit in the orphans court; in the second place, the power of the court is limited to costs and expenses, thus, counsel fees are excluded, and lastly, that the estate was not a party to a litigated suit.
Was the proceeding in the orphans court "a litigated suit?"
There can be no dispute but that this phrase was used by the legislature in its ordinary acceptance and meaning, or, as said by Chief-Justice Beasley, "according to the plain meaning of plain terms." Hodge v. Coriell, 44 N.J. Law 456; affirmed,46 N.J. Law 354, and cited with approval in Cullen v.Woolverton, 65 N.J. Law 279 (at p. 282).
Webster defines the word "litigate": "To bring into or engage in litigation; the act of carrying on a suit in a law court; a judicial contest; hence, any controversy that must be decided upon evidence."
The word "litigation" in 38 C.J. 68 is defined: "A contest in a court of justice, for the purpose of enforcing a right; a judicial contest, a judicial controversy; a suit at law."
There can be no doubt that there was a controversy existing between the relatives of the decedent as to which class thereof *Page 421 
was entitled to participate in the distribution, and that the administrator took a side in that controversy, with the result that the court decided the controversy in favor of the first cousins and the first cousins once removed, after hearing the evidence adduced by the parties.
There is no doubt that there was a contest in a court of justice, the purpose of which was, on the part of the next of kin, to enforce a right, and that that attempt to enforce a right, on the part of those excluded at least, was resisted by the administrator.
From the above, it would seem to follow that there was litigation before the court as that word was used by the legislature.
Was this litigation a "litigated suit?"
7 Words Phrases (1st ed.) 6769 cites many definitions of the term "suit" and we find:
"The term `suit' is a very comprehensive one, and it is said to apply to any proceeding in a court of justice by which an individual pursues that remedy which the law affords him. The modes of proceeding may be various; but, if the right is litigated between the parties in the court of justice, the proceeding is a suit. Kohl v. United States, 91 U.S. 367, 375;23 L.Ed. 449; Weston v. City of Charleston, 27 U.S. (2 Pet.)449, 464; 7 L.Ed. 481; Upshur County v. Rich, 10 Sup. Ct. 651,653; 135 U.S. 467; 34 L.Ed. 196; Mooney v. Buford GeorgeManufacturing Co. (U.S.), 72 Fed. Rep. 32, 36; 18 C.C.A. 421;Ward v. Congress Const. Co. (U.S.), 99 Fed. Rep. 598, 603;39 C.C.A. 669; The Jarnecke Ditch (U.S.), 69 Fed. Rep. 161,166; Claflin v. Robbins (U.S.), 5 Fed. Cas. 806, 807;Nichols v. Bingham, 40 Atl. Rep. 827, 829; 70 Vt. 320; Rowan
v. Shapard, 2 Willson, Civ. Cas. Ct. App. §§ 295, 302; In reJenckes, 6 R.I. 18, 22."
Again, on the same page:
"A suit is any proceeding in a court of justice on which a plaintiff pursues his remedy to recover a right or claim.Gurnee v. Brunswick County (U.S.), 11 Fed. Cas. 117, 119
(citing Sewing Mach. Co.'s Cases, 85 U.S. (18 Wall.) 585;21 L.Ed. 914)." *Page 422 
And again, on the same page:
"A suit is defined to be the prosecution of some demand in a court of justice. Ex parte Towles, 48 Tex. 413, 433; Callen v.Ellison, 13 Ohio St. 446, 453; 82 Am. Dec. 448."
There can be no doubt but that there was, in the court below, a proceeding by which the next of kin of the decedent were attempting to pursue a remedy which the law afforded them, and that they were prosecuting a demand in a court of justice, so that it seems to me to be clear that the court below had to deal with the question of awarding "costs and expenses" in a litigated suit.
It is next contended by appellant that the order under review does not require "a party" to pay the costs and expenses but that said order provides that the estate pay and that the estate was not a party to the suit, as contemplated by the statute.
6 Words Phrases (1st ed.) 5203, defines "party" as that word is used in practice, as follows:
"A party to an action or suit is one who is directly interested in the subject-matter in issue; who has a right to make a defense, control the proceedings, or appeal from the judgment," citing numerous cases, among others being Cullen v.Woolverton, supra.
Was the estate a party in the proceedings before the orphans court? It was certainly, through the administrator, directly interested in the subject-matter in issue. Its interest went to the extent that it filed, through the administrator, its petition asking for the court's advice and participated in the litigation and submitted proofs under which the court determined who were entitled to participate in the distribution and the extent of their respective interests. And having done so, it appealed from the order of the orphans court.
The next contention of the appellant is that "the power of the court is limited to costs and expenses, thus, counsel fees are excluded."
Does the phrase "costs and expenses" include counsel fees? Appellant says that to include counsel fees would be to rewrite the statute. *Page 423 
The courts of this state have repeatedly decided against appellant's contention.
It will be noticed that section 197 of the Orphans Court act contains the words "the costs and expenses of the litigation," which phrase is practically identical with that in section 196, "the costs and expenses of such litigation."
The words quoted from section 197 have been definitely settled in this court to include proper counsel fees. Bioren v.Nesler, 76 N.J. Eq. 576; Kayhart v. Whitehead, 77 N.J. Eq. 12;Riker Son Co. v. United Drug Co., 79 N.J. Eq. 580. In In reWandell, 92 N.J. Eq. 195, the phrase as used in section 196 is the same. So also in Helmer v. Yardley, 42 N.J.L.J. 234.
It would seem, therefore, that there was ample justification for the allowance of counsel fees under section 196 of the Orphans Court act.
The result is that the order of the orphans court will be affirmed. *Page 424