Complainant, as trustee under the will of Thomas C. Barr, deceased, asks the directions of the court. The will has been before the court on two earlier occasions — Moore v. Downey,83 N.J. Eq. 428, and Moore v. Dorey, 83 N.J. Eq. 325. The trustee has in hand a fund of about $800,000 with which to meet provisions of the will, in effect as follows:
To pay Katherine M.N. Payne $5,000 annually during her life.
On her death, leaving issue, to divide among them $100,000. Her issue are her daughter, Dorothy P. Goodspeed, and the latter's infant son, Dwight W. Goodspeed.
To pay Helen D. Lees $2,500 annually during her life. *Page 133 
On her death, leaving issue, $50,000 to her issue. Mrs. Lees has four children, George, Grace, Helen, and David, of whom the last three are infants.
The surplus income to "be divided equally and annually between my two sisters, Katherine V. Dorey and Helen L. Birch, during their natural lives." Mrs. Dorey died recently.
The residue and remainder to be divided as follows: To the representative of Mrs. Dorey and to Miss Birch, each one-third; to the representative of J. Nethermark Downey, deceased, to Mrs. Lees, and to Mrs. Payne, each one-ninth.
The remaindermen, save Mrs. Lees and the executor of Downey's will who have not answered, join with complainant in praying that the fund be presently distributed, reserving, however, $250,000 to answer annuities and the bequests to the issue of Mrs. Payne and Mrs. Lees. Mrs. Goodspeed consents; George Lees has not answered; the guardian ad litem for the infant contingent legatees opposes.
So much of the fund as is not required to assure payment of the annuities and future legacies may be now distributed. The annuitants do not object, but if they did, their objection would be overruled. Harbin v. Masterman (1896), 1 Ch. 351;Liberty Title and Trust Co. v. Stevens, 115 N.J. Eq. 506;117 N.J. Eq. 404; Collins v. Wardell, 65 N.J. Eq. 366. The infant legatees cannot block the distribution. In re Hall (1903), 2Ch. 226; Vanderpool v. Vanderpool, 3 N.J. Eq. 120. The sum of $250,000, provided it be carefully invested, seems ample to yield annuities of $7,500 and to secure eventual payment of legacies of $150,000. The trustee may, however, in addition, take from the distributees bonds without security, conditioned for proportionate refunds in event the reserved fund prove insufficient.
I need not construe the provisions of the will relating to surplus income, since I understand Miss Birch and Mrs. Dorey's executors consent to a construction most favorable to the other parties, namely, that half such income, since Mrs. Dorey's death, falls into the residuary corpus. *Page 134