Appellant, Joseph R. Lowrey, is the administrator with the will annexed of Eliza L. Purcell who died July 12th, 1937, leaving a last will and testament, in which she bequeathed her residuary estate to twenty-three persons, all related to her. Twelve of the residuary legatees died before testatrix.
Upon the theory that testatrix died intestate as to twelve twenty-thirds of her residuary estate, appellant named the surviving legatees and the next of kin of decedent in his account as being interested parties.
Anna L. Dunn Weiss not named as one of the next of kin by the appellant in the account filed by him as administrator, filed exceptions thereto, claiming that she was a cousin and one of the next of kin of testatrix and as such entitled to share in the estate.
Appellant contested her claim and the matter was referred to a master by the orphans court, who, after taking testimony, reported adversely to the claim of exceptant, and found that she was not a party in interest.
Upon the application of the administrator for an order approving his account, dismissing the exceptions and charging *Page 373 
the said Anna L. Dunn Weiss with costs and a counsel fee, the Essex county orphans court allowed a counsel fee of $300 to the proctor of exceptant.
The present appeal is from that part of the decree which allowed counsel fees to the proctor of the exceptant and also from the failure of the court to assess against the exceptant the costs of the proceedings.
Section 3:2-51 and section 2:31-86 of the RevisedStatutes give to the orphans court power to order the payment of costs and expenses of litigation therein. Section 3:2-51 is inapplicable to the issue here involved since it applies only to the allowance of costs and expenses "in causes respecting the probate of a will or of a codicil to a will * * *." Section2:31-86 is applicable. That section reads:
"The orphans court shall adjudge and direct which party shall pay the costs and expenses of causes litigated in the court, and may apportion the same between the parties."
Ordinarily it is the rule that costs and counsel fees will be allowed to executors and trustees under a will and to other proper parties to a suit by such executor or trustee to clear up some obscurity or doubt in the will. But costs or counsel fees should not be awarded to an unsuccessful claimant who has brought suit to recover part of the estate. West v. St. James'Episcopal Church, 83 N.J. Eq. 324; 91 Atl. Rep. 101; Meyers'Case, 71 N.J. Eq. 724; 64 Atl. Rep. 137. The exceptant was defeated in her efforts in the court below, and no allowances of counsel fees should have been made to her. Smith v. McDonald,69 N.J. Eq. 765; 61 Atl. Rep. 453; 71 N.J. Eq. 261; In reDreier's Estate, 83 N.J. Eq. 618; 92 Atl. Rep. 51. No service was rendered by the exceptant to the estate or to any of the beneficiaries. Smith v. McDonald, supra.
I have in mind In re Loudenslager, 113 N.J. Eq. 418;167 Atl. Rep. 194, but the instant matter is distinguishable since there the orphans court on the petition of the administrator of the estate by order directed the proctors to notify all parties in interest, "or who might claim an interest in the estate, to show cause why an order should not be made for a *Page 374 
partial distribution of the estate on the date therein mentioned, `at which time the court will hear proofs and determine who are entitled to participate in said distribution and the extent of their respective interests.'" We there held that there was ample justification for allowance of counsel fees under section 196 of the Orphans Court act. 3 Comp. Stat. p. 3884 § 196, now R.S.2:31-86.
It is not doubted that R.S. 2:31-86 empowers the orphans court in its discretion to award counsel fees from the funds of the estate. Yet, it is my judgment that in the instant case in the exercise of that discretion no such award should have been made. It does not seem to me that such award of counsel fees can be justified under any of our cases for the reason that the filing of the exceptions in the instant case in the event of success, could result only in benefit to the exceptant, not to the estate. On the other hand, after reviewing the evidence I conclude that the refusal of the court to assess costs and counsel fees against exceptant-respondent should be sustained as a proper exercise of the court's discretion.