# PREROGATIVE COURT.

JUNE TERM, 1851.

---

## Jacob Canfield, Appellant, and Philander Ball, Executor of Lewis Tichenor, deceased, Respondent.

A devisee whose share of the estate as one of the heirs at law would be greater than the share devised to him is incompetent to testify against the will. Such a devisee, on being rejected as a witness, made a deed to another person of all his interest in the estate, either as heir at law or as devisee, and was again offered as a witness against the will; but, it appearing that the deed was without consideration, and was made with an understanding between him and the grantee that a re-conveyance should be made to him, he was again rejected as a witness.

The allowance of costs to the caveator though he fail to support the caveat has become too general.

The Orphans' Court of the County of Essex, on the 18th of October, 1850, admitted to probate a paper writing purporting to be the will of Lewis Tichenor, deceased, late of said County ; and ordered the larger portion of the costs to be paid by the caveator.

On the hearing before that Court, Enos Tichenor, offered as a witness for the caveator, was rejected.

The case comes before this Court on Appeal from the order admitting the will to probate, and the order in reference to costs, and the rejection of Enos Tichenor as a witness against the will.

*F. B. Chetwood* for the Appellant.

*A. S. Hubbell* and *A. Whitehead* for the Respondent.

THE CHANCELLOR. The formal execution of the will, and the testamentary capacity of the testator, are clearly established by the concurrent testimony of the three subscribing witnesses.

The effort of the caveator was, to defeat the will by showing that the making of it was induced by an improper interference and influence by certain persons, relatives of the decedent, who had long lived with him, and to whom the writing gives an interest in the estate.

The writing gives (stating its provisions) to Sarah Campbell, (his sister,) a piece of salt meadow, of four or five acres, to be sold to settle the estate, and the remainder of the money to be paid to her; and all his household furniture and cattle, and the use of all the upland property and house which the decedent's father left him, supposed to be 44 acres, during her life; and divides this land after her death among relatives; giving Charles Campbell, her sister's son, eight acres of it; to Enos Tichenor, his brother, the use of eight acres of it during his life, and after his death to Sarah Gould, for her life; and after death to her child, Charles Gould. It appoints Philander Ball Executor.

The evidence on the part of the caveat shows, that Sarah Campbell, William Tichenor, Charles Campbell, Maria Campbell and Maria Gould, lived with the decedent at the time the writing was executed, and before and after.

Witnesses on the part of the caveat testify to declarations of the decedent, in his life time, before the writing was executed, that "he did not want to make a will," and "did not calculate to make a will."

The testimony fails, entirely, to show that the will was procured to be made by any such influence as should defeat it.

Enos Tichenor, a brother of the decedent, and an heir at law, the decedent having no children, was called on behalf of the caveator.

The Orphans' Court rejected him as a witness against the will. In this I think they were right. His interest as heir, if

the will could be defeated, would be much greater than the interest the writing gives him.

An instrument under seal was then produced, on the part of the caveator, executed by Enos Tichenor, by which he " remised, released and quitclaimed" unto Samuel Wilcox, an entire stranger to the estate, his heirs and assigns, all the right, interest, &c., of the said Enos in the estate of the decedent, both ' real and personal, as heir at law of said decedent, or as devisee under any will of said decedent.    Enos Tichenor was then again offered as a witness; and was again rejected by the Orphans' Court.   The words " granted, bargained, sold," after the word " Hath," and before the word " remised," were then immediately interlined in the deed, and the deed was thereupon immediately re-acknowledged by Enos Tichenor, and another certificate of acknowledgment endorsed thereon by a Master in Chancery; and Enos Tichenor was again ' offered as a witness, and again rejected.

It appears by the facts and evidence in the case that this instrument was a mere fiction; that it was clearly understood between Enos Tichenor and Wilcox that Wilcox was to re-convey to Enos Tichenor; that Wilcox paid no consideration; and that, in fact, it was a fraudulent transaction for the purpose of putting, or attempting to put Enos Tichenor, for the moment, in a position to testify in support of an interest which he felt he had not really parted with by the instrument, inasmuch as it was to be re-conveyed to him when it should have performed its office of enabling him to testify.   And though in law the deed was good as between him and Wilcox, yet Enos Tichenor relied so implicitly on a re-conveyance from Wilcox that he cannot be held to have been in a position, on the execution of the instrument, to testify disinterestedly.   The deed was conceived and executed in fraud, and for a purpose which was fraudulent both in Enos Tichenor and in Wilcox, against those who were interested in having the will proved.    At all events, a witness under such circumstances would be entitled to no credit whatever.   The facts would not only effect his credibility, but destroy his credit altogether.

Again: this Court would not reverse for the rejection of this witness. The most it would do would be to direct his examination to be now taken, to be submitted to this Court. But this should not be done when it is clear that no credit whatever would be given to him.

As to the costs, I think this a fit opportunity to say, that the allowance of costs to the caveator, though he fail to support his caveat, has become too general; so general as to induce groundless opposition to wills. The Orphans' Court, in this case, have done the community a service by the course adopted in reference to the costs. It is not necessary for me to say whether an appeal in reference to costs only be allowable.

Decree affirmed.