# THE PREROGATIVE COURT

OF

## THE STATE OF NEW JERSEY,

### OCTOBER TERM, 1886.

TheodorE Runyon, Esq., Ordinary.

WALTER C. McCurdy, appellant.

*v.*

CHARLES H. NEALL et al., respondents.

1. Where the attestation clause of a will is perfect, and one attesting witness testifies in corroboration of its accuracy as to the due execution thereof, the testimony of the other attesting witness, suggesting doubt, or his own want of recollection as to the transaction, is not enough to deny probate to the will.

2. A duly executed codicil to a will, which expressly confirms the provisions of the will not inconsistent with itself, is a republication of the will, and supplies all omissions and remedies all defects, if any, in the execution of the latter.

3. Where the law involved is so well settled that there appears to be no good ground for appealing from a decree granting probate to a will, the court will not allow costs or counsel fees to the appellant.

Appeal from decree of Camden orphans court.

*Mr. J. E. Hays,* for appellant.

*Mr. P. L. Voorhees,* for respondents.

THE ORDINARY.

This is an appeal from the decree of the orphans court of Camden county, admitting to probate two instruments in writing as the last will and testament, and codicil thereto, of Dr. Samuel W. Neall, deceased, late of that county. The will is dated July 19th, 1883, and the codicil October 11th, in that year. The testator died March 29th, 1884. The witnesses to the will were Charles P. Tuttle and William Coyle. The witnesses to the codicil were John R. Depue and Tacy G. Knight. Both instruments were drawn by Charles H. Felton, a scrivener, who also superintended the execution thereof. The sole ground of opposition to the admission of the instruments to probate is that the will was not executed in conformity with the requirements of the statute. The alleged defects in the execution are that the testator, although he signed the will, neither signed it nor acknowledged his signature, nor declared the instrument to be his will in the presence of the witnesses. The attestation clause is as follows :

" Signed, sealed, published and declared by the said Samuel W. Neall to be his last will and testament, in the presence of us, who were present at the same time and subscribed our names as witnesses in the presence of the testator, who also declared that the change on the first page was made by his direction."

The attestation clause is perfect, and the execution to which the witnesses thus certify and attest, is in exact compliance with the statute. Under such circumstances the court must have clear proof to warrant the conclusion that the will was not duly exe-

McCurdy v. Neall.

cuted. *Wright* v. *Rogers, L. R. (1 P. & D.) 678.* In *Allaire* v. *Allaire, 8 Vr. 312,* it is laid down that if the attestation clause is perfect, and shows on its face that all the forms required by the statute have been complied with, and the subscribing witnesses, when called, admit their signatures, but through defect of memory, or for any other reason, fail to testify to the due execution of the will, it may be established on the presumption arising from the form of the attesting clause, unless there be affirmative evidence given to disprove its statements. In *Tappen* v. *Davidson, 12 C. E. Gr. 459,* it was held that if, in such case, it be merely doubtful from the evidence whether the statutory requisites have been complied with, the presumption arising from the attestation clause is not overcome. In this case, the evidence is by no means such as to disprove the statements in the attestation clause. The two witnesses were, as before stated, Tuttle and Coyle. Coyle says the testator asked him to sign the paper as his (the testator's) will; and he says also that the testator said it was his will when he asked him to sign. Tuttle signed first. Tuttle says that the testator asked him to sign the paper, and that he did so; but he says the testator did not declare it to be his will, and did not sign it in his presence. He says he *does not think* that the testator acknowledged the signature in his presence, and that he *does not think* that the testator mentioned the word "will" in his presence, or said anything about his signature or seal. Coyle says he does not remember whether the testator signed in his presence or not. It appears, then, from Coyle's testimony, that the testator spoke of the instrument as his will when he asked Coyle to sign; and Coyle says also that Tuttle was present and signed before he did. The attestation clause was read over to them by Felton before they signed it. From the reading of that clause, Tuttle was informed that the instrument was executed as the testator's will. That he knew that it was executed as a will is evident from the fact that he testifies that the testator spoke about his sickness and the danger which his physician said he was in, and added that it was about time to fix things up when the doctor said the old man (referring

to himself) had not long to stay here.   Coyle testifies that the testator said :

> " You know, boys, the old man is getting old now, and now it is about time to straighten things up."

Coyle testifies also, that afterwards, Tuttle, referring to the execution of the paper, said he wondered how much the old gentleman had left them, Coyle and Tuttle, and he, Coyle, replied that he guessed about a quarter.   In fact Tuttle does not deny that he supposed that the paper was the testator's will ; he says he did not know it *positively*.   Felton who, as before stated, superintended the execution of the will, testifies that he read the will over to the testator, and the latter sent his wife out for witnesses ; that while she was gone the testator signed the will ; that Tuttle and Coyle came in from the workshop back of the testator's house ; that he, Felton, then read over the attestation clause, and asked the testator whether " it was his will and signature," and he said it was, and then Tuttle and Coyle signed their names as witnesses ; and that he does not remember whether the testator or he (Tuttle and Coyle both say it was the former) asked them to sign as witnesses, but he thinks the testator did it.

But further, it cannot be denied that the codicil was executed with all due formalities.   It is proved to have been so executed. It expressly confirms the will so far as the codicil is consistent with it, and is therefore a republication of the will itself, supplying all omissions and remedying all defects, if any, in the execution of the latter.   *1 Redf. Wills 288*.   The decree of the orphans court will be affirmed.

The law upon the subject above considered is in all its phases so well established in this state that there appears to have been no good ground of appeal.   I will therefore give the appellant neither costs nor counsel fee out of the estate.