# THE PREROGATIVE COURT

OF

# THE STATE OF NEW JERSEY.

FEBRUARY TERM, 1896.

---

ALEXANDER T. McGILL, ORDINARY.

---

## CHARLES H. BURR

*v.*

## ADELE BOYER BURR.

1. Where, in a cause respecting the probate of a will, the validity of the will is not questioned, but probate is resisted on other grounds and is granted, the costs and expenses of the litigation will not be charged upon the testator's estate.

2. Where a contestant resists the probate of a will upon an immaterial issue, under misapprehension of the law, which is not disabused by the court, and is shared in by the proponent, the contest will not be deemed, upon admission of the will to probate, to have been with reasonable cause, so as to justify the charge of the costs and expenses of the litigation to the testator's estate.

On appeal from an order of the Camden County Orphans Court, which directs payment of the costs and expenses of a will contest out of the estate of testator, where the will was admitted to probate.

Edward E. Burr, who had theretofore been a resident of Camden, in this state, in November, 1890, in pursuit of health, moved to Asheville, North Carolina, where, after a sojourn of a little more than two years, he died. At the time of his death he was the owner of both real and personal estate in Camden. He left a widow and a child by a former wife, surviving him, and also a will, dated in 1889, while he was unquestionably domiciled in Camden, in and by which, after directing the payment of his debts, he provided that his widow should have such interest in his estate, real and personal, as she would be entitled to under the laws of this state were he to die intestate, and then devised and bequeathed the residue of his estate to his mother for her life, and at her death to his brother in fee, and made the brother the executor of the will.

The will was offered by the executor for probate in Camden county, and the widow there caveated against its admission to probate, first generally, and later, by a supplemental caveat, which specifically alleged, as a ground for the denial of probate in that county, that the testator was domiciled at his death in Asheville, North Carolina.

Prior to the filing of the supplemental caveat, the proponent procured the appointment of a commissioner to take the testimony of witnesses in Asheville, and, after giving due notice, proceeded to prove the laws of North Carolina relative to the distribution of personal property and the formalities with which wills must be executed in that state, and to show that the decedent had not, during his sojourn in Asheville, the *animus* to make that place his domicile. On the conclusion of the taking of those depositions, the caveatrix likewise took depositions at Asheville upon the question of domicile, to show its change from Camden to Asheville, and thereafter the taking of testimony upon that issue was continued without objection that it

was immaterial, being sharply and distinctly insisted upon, until just prior to the proponent's rebuttal, and the taking of proofs were almost concluded, when the proponent's counsel raised the objection and expressed the desire to be heard upon it. The taking of testimony, however, having gone so far, the orphans court directed that it should be concluded before the argument offered should be heard.

Pending the taking of the testimony in *Gordon's Case, 5 Dick. Ch. Rep. 397*, it was decided in this court that a will might be proved in this state, even though the testator at his death should be domiciled elsewhere and the will had not been first proved at the place of the domicile. Controlled by the *Gordon Case*, and there being no other ground of contest, the orphans court admitted the will to probate, and thereafter, by subsequent order, directed that the costs of the contest and a counsel fee to each party thereto be paid out of the decedent's estate. It is from the latter order that the appeal now considered is taken.

*Mr. Henry I. Budd, Jr.*, for the appellant.

*Mr. James E. Hays*, for the respondent.

THE ORDINARY.

The will appears to have been executed with due formalities and to be a valid instrument, under the laws of both New Jersey and North Carolina, and hence it is difficult to perceive what advantage would have accrued to the respondent if probate in this state had been defeated on the ground urged by her. It is certain that no advantage, which can justify so expensive a litigation as this has been, has been pointed out to me.

It is prescribed by statute (*Rev. p. 791 § 177*) that in causes respecting the probate of wills, if probate be granted, the court shall order the contesting party to pay the costs and expense of the litigation, unless it shall appear to it that such party had reasonable cause for contesting the validity of the will, or shall not have offered other testimony than that of the subscribing witnesses, and that if such reasonable cause shall appear, the

court may throw the costs and expense of the litigation upon the estate of the testator.

The statute is but an emphatic declaration of the previously-existing law upon the subject of such costs and expense, save in the particular that it renders it obligatory upon the court, in case of the grant of probate, to order the contestant to pay the costs and expense of the litigation, unless he shall show reasonable ground for disputing the validity of the will or shall have confined his contest to the testimony of the subscribing witnesses. *Perrine* v. *Applegate, 1 McCart. 531.* It is observed that the saving clause relating to reasonable cause, is limited to contests where the *validity* of the will is drawn in question. It does not apply where the issue made is as to the court's jurisdiction, which does not deny the validity of the instrument. Such literal construction appears to me to be not only the interpretation of the statute which will harmonize and retain all its language, but also that which accords with the legislative purpose, which was to rebuke a theretofore habitually unjust exercise of judicial discretion, by the several orphans courts. *Perrine* v. *Applegate, supra.*

Under this construction, the costs and expense of the contest upon the question of domicile must be charged to the contestant and not upon the testator's estate.

But it is not necessary, to the decision of the present matter, that I shall rest alone upon the construction of the saving clause stated. Taking that clause to permit the costs and expense of *any* contest against probate founded upon reasonable cause to be thrown upon the testator's estate, I reach the same conclusion. The practical advantage of this contest, looking at it in the light of every possible event, is not apparent. The will was unquestionably valid both in New Jersey and North Carolina. It specified what the contestant should take and disposed ultimately of all other property of the testator. It is not perceived how the place of probate would affect the contestant's interest a particle. If, after probate, the contestant should dissent to the provisions of the will in her behalf, the question of the domicile of her husband might become import-

ant, but until that event it would be unimportant. Why, then, as a practical question, should she propose and litigate the question of domicile?

But more than this, although, when the will was offered for probate, the question whether it might be admitted to probate in this state in the first instance, the domicile being elsewhere, had not been directly settled by adjudication in New Jersey, that question was so well determined by the current of adjudication elsewhere, that it could hardly be considered open even in this state, and it certainly was not a question which would justify a contest from which no substantial benefit could accrue to the contestant.

I find, then, that there was no reasonable cause for the contest.

The orphans court should have ordered the contestant to pay the costs and expense of the litigation—that is, of the contested issue in the case. But the costs and expense so charged should not extend to the petition for probate, nor to the expense of taking the testimony of the subscribing witnesses nor to expense or costs by reason of other matters, if any, not involved in the trial of the contested issue.

No counsel fees on either side should be allowed.

The proponent should not be given a counsel fee from the estate because of the litigation, although he be executor of the will, because, at the outstart, by taking the initiative in the production of evidence concerning domicile, he was instrumental in inviting and encouraging contest on that ground, for which reason it would be unjust, he, as well as the contestant, being a beneficiary of the will, to give him the advantage of having his counsel fees paid out of the estate, which is partly of the contestant's property, while the contestant, who has been but little more guilty than he, is charged with the whole costs and expense of the litigation, besides her own counsel fees.

Costs not chargeable to the respondent as stated should be paid out of the estate.

The order appealed from will be reversed, with costs.