JAMES C. BIOREN, proponent-appellant,

*v.*

CHARLES F. NESLER et al., caveators-respondents.

[Decided December 17th, 1909.]

1. Under section 197 of the Orphans Court act (*P. L. 1898 p. 789*), which provides that if probate of a will be refused the court may order the costs and expenses of the litigation to be paid by the person propounding the will or out of the estate of the deceased, the court, when ordering the expenses paid out of the estate, is authorized to include counsel fees to both sides as part of such expenses.

2. Fees in such cases may be allowed to counsel representing persons interested in the controversy as legatees or next of kin, who were proper, though not necessary, parties, as well as to counsel representing proponent and caveators, who were necessary parties.

On application for allowance of counsel fees.

*Mr. Arthur R. Denman,* for the proponent, James C. Bioren.

*Mr. Chandler W. Riker,* for Mary Lulu Bioren, Edith D. Bioren and Edna N. Bioren, beneficiaries under alleged will.

*Mr. Ralph E. Lum,* for the caveators, Cornelius and Kate Mandeville.

*Mr. Charles C. Pilgrim,* for the caveator, Sarah Remer.

*Mr. Frank E. Bradner,* for the caveator, Charles D. Mandeville.

WALKER, VICE-ORDINARY.

John D. Nesler, late of the county of Essex, signed a paper-writing purporting to be his last will and testament, and named his brother, Charles L. Nesler, and James C. Bioren, as execu-

tors. Application for probate was made by James C. Bioren, one of the executors named, the other having died. Caveats were filed against the probate of the will by Charles F. Nesler, nephew; Cornelius Mandeville, nephew; Charles D. Mandeville, nephew, and Sarah Remer, who describes herself as one of the next of kin of the decedent. She was mentioned in the will as a legatee, to whom was given $1,000. Cornelius and Charles D. Mandeville, caveators, are also given $1,000 each as legatees under the will.

The appearances on the hearing before the Essex county orphans court were: Arthur R. Denman, for proponent, James C. Bioren; Riker & Riker, for Mary L., Edith D. and Edna N. Bioren, children of deceased half-brother of decedent, who was one of the residuary legatees named in the alleged will; Frank E. Bradner, for Charles D. Mandeville, caveator; E. A. & W. T. Day, for Charles F. Nesler, caveator; Lafferty & Pilgrim, for Sarah Remer, caveator; Guild, Lum & Tamblyn, for Cornelius and Kate Mandeville, caveators. On the day of the adjourned hearing the appearances were the same, and, in addition, Jerome T. Congleton was permitted to appear for Emma A. Nesler, a witness.

Additional testimony was taken in the prerogative court at which the appearances were as follows: Arthur R. Denman, for James C. Bioren; Riker & Riker (by Chandler W. Riker), for Mary Lulu Bioren, Edith D. Bioren and Edna N. Bioren; E. A. & W. T. Day (by E. A. Day), for Charles F. Nesler; Lafferty & Pilgrim (by C. C. Pilgrim), for Sarah Remer; Guild, Lum & Tamblyn (by R. E. Lum), for Cornelius and Kate Mandeville.

Emma A. Nesler was formerly Emma A. Schaef, one of the witnesses to the paper-writing purporting to be the will. She subsequently married Charles F. Nesler, decedent's nephew.

After hearing in the orphans court probate of the paper purporting to be the will of John D. Nesler, deceased, was refused, and, on appeal, that decree was upheld in this court, the opinion in that matter being reported *ante p. 573.*

Application was made to the orphans court for the allowance of counsel fees, and Judge Davis filed a memorandum in which

37

he said that the persons brought into court were the proponent and caveators, which gave the court jurisdiction under *Meyer's Estate, 71 N. J. Eq. (1 Buch.) 724,* and that counsel representing other interests, such as beneficiaries, should not, he thought, be allowed counsel fees. The allowances he made were as follows: Mr. Denman, proctor for proponent, $150; Mr. Lum, proctor for caveator, $150; Mr. Pilgrim, proctor for caveator, $150; Mr. Bradner, he stated, asked no counsel fee, and he also stated that Mr. Day and Mr. Riker, representing beneficiaries, were not entitled to any compensation out of the estate. Mr. Day appears to have represented a caveator. No appeal was taken from that part of the decree which made allowances.

Application is now made to this court for allowances as follows: Mr. Denman, $500; Mr. Riker, $500; Mr. Guild, $250, and Mr. Lafferty, $250.

In *Meyer's Estate, supra,* the court of errors and appeals observed that the statutory direction to the surrogate to issue citations to all persons concerned when a caveat is put in against proving a will, was possible to be construed to include all persons having an interest in the admission of a will to probate on the one hand, and on the other only to the parties raising the controversy, but held that the construction which limits the persons concerned to the parties raising the controversy is entirely practicable, and that it is reasonable to suppose that only those persons who had made themselves parties to the contention were intended.

The decision then appears to be that in a controversy respecting the probate of a will the surrogate is only required to issue citations to the proponent and caveators in order to vest the orphans court with complete jurisdiction over the controversy. In other words, as I understand it, the decision is to the effect that the proponent and caveators are the only necessary parties to the controversy. If this view be correct, then it may, with propriety, be held that other persons equally interested in the estate as legatees or next of kin may become concerned in the controversy by appearing and taking part in it for the protection of their rights and interests, and thus become proper, although they are not necessary, parties to the controversy, and

this is undoubtedly the established practice. If this be so, it is lawful to allow fees to counsel representing these proper parties as well as those who represent necessary parties. In other words, the controversy being inaugurated, all parties who lawfully participate in the controversy have an equal standing before the court, and an equal claim to its consideration.

Counsel for one of the caveators and respondents objects to the payment of counsel fees, contending that section 197 of the Orphans Court act (*P. L. 1898 p. 789*), which provides for the payment of costs and expenses in certain cases out of the estate, does not authorize the inclusion of counsel fees as part of the expenses. He concedes that it has been the practice to allow counsel fees as appears from numerous reported cases, but claims that the allowance cannot be justified under the statute. He doubtless refers to the line of cases in which allowances have been made without question. But he is mistaken in asserting that there is no justification for such allowances. On the contrary, the practice has the express sanction of this court and of the court of errors and appeals. *Hollinger* v. *Syms, 37 N. J. Eq. (10 Stew.) 221; S. C., 37 N. J. Eq. (10 Stew.) 628; Matter of Lucy H. Eddy, 33 N. J. Eq. (6 Stew.) 574, 578.*

*Hollinger* v. *Syms,* in this court, was an appeal from the orphans court of Hudson county. The grounds of appeal were that a will and codicil had been erroneously admitted to probate, and the caveator denied an award of counsel fees out of the estate. Chancellor Runyon, sitting as ordinary (at *p. 238*), said:

"The orphans court, by decree, expressly and properly adjudged that he (caveator) had reasonable cause for contesting the validity of the will and codicil, and therefore awarded him payment of his costs and expenses out of the estate. On the same ground he was equally entitled to payment of his reasonable counsel fees."

The learned ordinary then went on to modify the decree and allow a considerable counsel fee in the court below, together with the costs of the appeal, but no counsel fee in this court. He could, of course, have allowed a counsel fee in this court, as is often done. This case (*Hollinger* v. *Syms*) was carried to the

court of errors and appeals, and there affirmed for the reasons given by the ordinary. *Hollinger* v. *Syms, supra.*

In *Eddy's Case, 32 N. J. Eq.* (*5 Stew.*) *701, 708,* a will and codicil were admitted to probate in this court, with denial of costs to the caveator. On appeal the court of errors and appeals held that sufficient reason existed for opposing probate and that the caveators were entitled to their costs and reasonable counsel fees. Chief-Justice Beasley, speaking for that court (at *p. 578*), said:

"But, upon a careful consideration of the facts of the case, I have been led to the conclusion that there should be a modification of the decree, so far as to allow costs and counsel fees to the contestants."

The section of the Orphans Court act under which costs and expenses may be allowed in these controversies is identical with that which was in force when *Hollinger* v. *Syms* and *Eddy's Case* were decided. See *Gen. Stat. p. 2397* § *177.* By that section (*P. L. 1898 p. 789* § *197*) it is provided that if probate be refused the court may order the costs and expenses to be paid by the person or persons propounding the will or out of the estate, but if probate be granted the court shall order the party or parties contesting to pay the costs and expenses unless it shall appear that the person or persons contesting had reasonable cause, in which case the court may order the costs and expenses as well on the part of such contestant or contestants as on the part of the person or persons propounding such will, to be paid out of the estate.

Any person who would be benefited by the probate of a will may present it or require it to be presented for probate. *Meyer's Case, 71 N. J. Eq.* (*1 Buch.*) *138, 140.* And the court of errors and appeals in that case (at *p. 140*) also says:

"Thus, anyone interested in promoting or preventing the probate of a proposed will is entitled to make himself a party to the proceedings having such an end in view."

I understand this to mean that anyone so interested may obtain the status of a party by voluntary appearance, and, having once appeared, is entitled to all the rights that anyone required to be made a party and involuntarily brought in would

have. Persons propounding the will or contesting it, as I understand it, are those who urge before the court either its probate or its rejection, and I understand, too, that such persons are, by the practice which obtains quite universally, I think, those who are included in awards of costs and counsel fees, especially when ordered to be paid out of decedents' estates.

These views are opposed to those expressed by Judge Davis in his memorandum in the orphans court, but, as his order was not appealed from, it will not be reversed.

As already remarked, Mr. Denman, representing proponent, was allowed $150 in the court below, and Messrs. Guild, Lum & Tamblyn, and Messrs. Lafferty & Pilgrim, representing caveators, were each allowed the same amount. I will allow Mr. Denman $100 for his services in this court, and to Mr. Riker, who took the laboring oar here, the same amount that Mr. Denman will receive for his services in both courts—that is, $250, and to Mr. Lum and Mr. Pilgrim each an additional $100. This makes a total allowance to counsel for the proponents of $500, and to counsel for contestants $500, or $1,000 in all for counsel fees out of the estate, which is ample to bear the charge. And this makes the fees to each side equal, which is quite usual. Of course, the allowance could be greater, but, as only a single question was involved, namely, the question of due publication of the alleged testament, and as but few witnesses were examined, there is, in my opinion, no justification for larger allowances. Costs out of the estate will also be awarded to the proponent and caveators in this court.