#### OF

## THE STATE OF NEW JERSEY.

## 1921.

EDWIN ROBERT WALKER, ORDINARY.

EUGENE STEVENSON, EDMUND B. LEAMING, VIVIAN M. LEWIS,
JOHN H.. BACKES, JOHN GRIFFIN, JOHN E. FOSTER,
MALCOLM G. BUCHANAN AND JAMES F.
FIELDER, VICE-ORDINARIES.

In the matter of the estate of FRANCIS L. WANDELL, deceased.

[Decided October 23d, 1920.]

1. An appeal from the orphans court to the prerogative court, while it removed the cause and potential record does not actually remove the physical record—that is, the papers constituting the record remain in the orphans court, whose jurisdiction over the cause, pending appeal, is ousted only to the extent of preventing the order or decree of the orphans court from destroying or impairing the subject of the appeal, or being in any degree used for that purpose.

2. The allowance of expenses, including counsel fees, is a thing apart from the question involved in an appeal from a decree admitting a will to probate; and, as the orphans court has power to make such an allowance, even where probate is denied, such an award, if made, cannot be said to in anywise destroy or impair the subject of the appeal; and, therefore, the orphans court has jurisdiction to entertain an application for an allowance of expenses, including counsel fees, after appeal from a decree of probate and during the pendency of such appeal.

3. A person who would be the natural object of a testator's bounty may well make a contract against the probate of his will in the orphans court for the purpose of obtaining the judgment of that tribunal thereon, and, though unsuccessful, be allowed expenses, including counsel fees, if in the judgment of that court there was a reasonable ground of contest; but, having taken the judgment of the court of first instance upon the question, an appeal to the prerogative court stands in a somewhat different position, and costs and counsel fees out of the estate will be denied in this court, if, in its opinion, the case made in the orphans court demonstrated there was no reasonable ground for the appeal to this court.

4. An allowance made by the orphans court of counsel fees on a contest over the probate of a will ought not to be overthrown by this court on appeal unless it quite conclusively appears that the allowance was excessive (in which case it should be reduced), or that the contest below developed no reasonable ground for further litigation, and where the decision of the orphans court that the unavailing contest was reasonable in ·that tribunal, can be upheld, it should be; and where the judge of the orphans court who tried the cause and saw and heard the witnesses, concludes there was reasonable ground of contest there, he should be upheld, if he may be, without doing violence to the case as it appears upon the record.

5. One provision of the statute is that the contesting party shall pay the costs and expenses of the litigation unless he offers no evidence other than that of the subscribing witnesses. Therefore, a party who would inherit in case of intestacy may, in any event, examine the subscribing witnesses without peril of costs being visited upon him; but, where he goes on with an affirmative contest, he shall not have costs out of the estate (unless the trial court concludes that there was reasonable ground therefor); and, although the contest may be reasonable in the orphans court, yet, if the losing party is not satisfied with its judgment and appeals to this court, as is his right, this court will determine whether or not the contest here was reasonable, quite irrespective of the decision in the court below as to the reasonableness of the contest there.

On appeal from an order allowing counsel fees in the orphans court.

*Messrs. Griggs & Harding,* for the appellants.

*Messrs. Edwards & Smith* and *Mr. Raymond Dawson,* for the respondents.

WALKER, ORDINARY.

A caveat having been filed with the surrogate of Bergen county on behalf of Caroline S. W. Wimpfheimer, against the admission to probate of the last will and testament of her father, Francis L. Wandell, deceased, and the matter coming on to be heard before the orphans court of Bergen county, that tribunal admitted the will to probate, from which adjudication an appeal was taken to this court, which, after hearing, affirmed the judgment of the orphans court and denied to counsel for the appellants any allowance of counsel fees on the appeal.

After appeal taken from the decree admitting the will to probate, and while that appeal was pending in this court, counsel for the caveator gave notice of an application to the orphans court for an allowance of counsel fees and expenses to be paid out of the estate of the testator. Opposition to this award was made by counsel for the proponents on the ground that the orphans court, by reason of the pendency of the appeal, was without jurisdiction to make any such allowance, and that court, having heard the application, being of opinion that it was not divested of its authority to make such allowance by reason of the appeal, and being satisfied that the caveator had reasonable cause for contesting the validity of the will, an order was made awarding a fee of $2,500 to be paid to counsel for the caveator out of the estate of the testator. Appeal is now taken to this court from that order and allowance. And the executors of the estate urge here that the order for allowance should be reversed, because (1) the orphans court was without jurisdiction to entertain the application by reason of the pendency of the appeal from the probate of the will, and (2) because there was no reasonable cause for contesting the validity of the will.

*First.* As to the jurisdiction of the orphans court: In *Bull* v. *International Power Co., 84 N. J. Eq. 209,* I held that an appeal from the court of chancery to the court of errors and appeals, while it removes the cause and the potential record, does not actually remove the physical record—that is, the papers constitut-

ing the record remain in the court of chancery, whose jurisdiction over it pending appeal, is ousted only to the extent of preventing the decree in chancery from destroying or impairing the subject of the appeal, or being in any degree used for that purpose. This, I take it, is applicable as well to appeal from the orphans court to the prerogative court. My observations upon the question in the *Bull Case* (to be found at *p. 217 et seq.,* citing authorities in this and other states), give the reason for the doctrine. Rule 64 of the prerogative court expressly requires that a transcript of the proceedings before the orphans court shall be authenticated and returned to this court by the appellant. In fact, such a transcript is before me on this appeal. The physical record remains in the orphans court, where it properly belongs.

The doctrine just enunciated is not in conflict, but in consonance, with the decisions in our state bearing upon the question. Vice-Ordinary Reed, in *Hill's Case, 55 N. J. Eq. 764,* held (at *p. 767*) that the effect of an appeal from the orphans to the prerogative court is to transfer the cause of action into the appellate tribunal; but, from what follows, that assertion is qualified by a showing that jurisdiction of the questions involved in the adjudication and which are the subject of the appeal, and only those, are removed into the appellate court, and as to them the hands of the court below are stayed pending the appeal. In an earlier case (*Brown* v. *Ryder, 42 N. J. Eq. 357*), Chancellor Runyon, as ordinary, held that while the powers and functions of an administrator *pendente lite* are suspended by the admission of a will to probate and the qualification of the executor, they revive on appeal from the decree of probate, and continue until the determination of the appeal. This would be impossible if the appeal removed the entire record and stayed all proceedings not involved, as well as those involved, in the appeal. In the later case of *Davenport* v. *Davenport, 68 N. J. Eq. 611,* the court of errors and appeals held (at *p. 612*) that the power of appointing an administrator *pendente lite* exists where a contest over the validity of the will is being carried on in another court, citing *Brown* v. *Ryder, supra. Kayhart* v. *Whitehead, 77 N. J. Eq. 12,* precipitated a contest on a will filed by an

*92 N. J. Eq.*          In re Wandell.

executor, who was also a devisee and legatee, against other legatees to recover or retain from their legacies, the expenses of the probate of a testator's will, including counsel fees awarded by the orphans court. There had been an appeal in the case to the prerogative court. Vice-Chancellor Emery held that the orphans court may include counsel fees as part of the costs and expenses of the probate of a will which is contested, and he observed (at the bottom of *p. 16*) that the effect of the appeal was to stay the probate and issuing of letters testamentary thereon so long as the appeal continued, and to that extent the appeal was effective against the probate. This case was affirmed in the court of errors and appeals on the opinion of the vice-chancellor. *78 Ibid. 580*. These authorities make it clear that an appeal from the orphans to the prerogative court removes only the particular question adjudicated and which is appealed from, leaving all other matters in the trial court, subject to appropriate action and proceedings.

The question of the allowance of expenses, including counsel fees, is a thing apart from the question involved in an appeal from a decree admitting a will to probate. And, as the orphans court has power to make such an award, even where probate is denied, such an award, if made, cannot be said in anywise to destroy or impair the subject of the appeal. I conclude, therefore, that the orphans court had jurisdiction to entertain the application.

*Second.* As to the propriety of the allowance made: The statute provides, Orphans Court act (*P. L. 1898 p. 789 § 197; 3 Comp. Stat. p. 3885*), as follows:

"In causes respecting the probate of a will, or of a codicil to a will, if probate be refused, the court may order the costs and expenses of the litigation to be paid by the person or persons propounding the will or codicil, or to be paid out of the estate of the deceased; but if probate be granted, the court·shall order the party or parties contesting such will or codicil to pay the costs and expenses of the litigation, unless it shall appear to the court that the person or persons contesting such will or codicil had reasonable cause for contesting the validity of the same, or shall not have offered on the trial or hearing any evidence other than the subscribing witnesses to the will or codicil; and in case it shall appear to the court that the person or persons contesting such will or codicil had reasonable cause for contesting the validity thereof, the

court may order that the cost and expenses of the litigation, as well on the part of such contestant or contestants as on the part of the person or persons propounding such will or codicil for probate, be paid out of the estate of the deceased."

This section has been construed to authorize the inclusion of counsel fees as part of the expenses allowed to be awarded by that section. *Kayhart* v. *Whiteley, supra.* In *Bioren* v. *Nesler, 76 N. J. Eq. 576,* it was pointed out (at *p. 579*) that this practice has the express sanction of the court of errors and appeals.

In the case before me the will was admitted to probate after contest. Section 197 of the Orphans Court act provides, as shown above, that if the probate be granted, and it shall appear to the court that the person contesting had reasonable cause therefor, the court may order that the costs and expenses of the litigation, including those of the contestant, be paid out of the estate of the deceased. This does not confide the power of award to the mere discretion of the court, and, if it did, that would doubtless comprehend a sound judicial discretion, which is appealable. The statute, however, makes the award dependent upon reasonable ground existing for the contest; and the orphans court has adjudged in this case that such ground existed. While on appeal I affirmed the decree of probate and denied an allowance to the caveator-appellant, and took occasion to remark that a person who would be the natural object of a testator's bounty may well make a contest against the probate of his will in the orphans court for the purpose of obtaining the judgment of that tribunal thereon, and, though unsuccessful, be allowed expenses, including counsel fees, if in the judgment of that court there was reasonable ground of contest; but, having taken the judgment of the court of first instance upon the question, an appeal to the prerogative court stands in a somewhat different position, and costs and counsel fees out of the estate will be denied in this court, if, in its opinion, the case made in the orphans court demonstrated there was no reasonable ground for the appeal to this court. I think awards of orphans court in this class of cases ought not to be overthrown, unless it quite conclusively appears that the contest below developed no reasonable ground for further litigation, or that the allowance was excessive (in which

*92 N. J. Eq.*                    In re Wandell.

case it should be reduced), and where the decision of the orphans court that the unavailing contest was reasonable, can be upheld, it should be. No hard and fast rule in the nature of things can be laid down in those cases; each must very largely depend upon its own facts and circumstances, and when the judge of the orphans court, who tried the cause and saw and heard the witnesses, concludes that there was reasonable ground of contest, he should be upheld, if he may be, without doing violence to the case as it appears upon the record. In this case I am unwilling to say that the judge of the orphans court erred in making the allowance in question, and the order appealed from will therefore be affirmed.

The decision of this court in *Hollinger* v. *Syms, 37 N. J. Eq. 221; affirmed, Ibid. 528,* is in point. Runyon, ordinary (at *p. 238*), observed that the orphans court properly adjudged that the caveator had reasonable cause for contesting the validity of the will, and, therefore, awarded him payment of costs and expenses out of the estate, and that on the same ground he was equally entitled to payment of his reasonable counsel fees, but adjudged that he would be allowed no counsel fee in this court.

One provision of the statute is that the contesting party shall pay the costs and expenses of the litigation unless he offers no evidence other than that of the subscribing witnesses. Therefore, a party who would inherit in case of intestacy may, in any event, examine the subscribing witnesses without peril of costs being visited upon him, but where he goes on with an affirmative contest against the validity of the will, he shall not have costs out of the estate unless the trial court concludes that there was reasonable ground for the contest. Now, as seen, although the contest may be reasonable in that court, yet, if the losing party is not satisfied with its judgment and appeals to this court, as is his right, this court will determine whether or not the contest here was reasonable, quite irrespective of the decision of the same question in the court below as to the contest there.

The order under review will be affirmed, with costs, in this court, to be paid out of the estate, including a reasonable counsel fee for services in this court on this appeal to be fixed on notice.