MARY MOYNA, appellant,

*v.*

PRUDENTIAL LIFE INSURANCE COMPANY, respondent.

[Decided May 19th, 1924.]

1. An appeal from an order of a surrogate granting letters of administration upon the estate of a decedent lies to the orphans court of the county, by force of section 201 of the Orphans Court act; and this is so, notwithstanding that the order contains an adjudication of the death of the alleged decedent.

2. Where, by the provision of the statute, the right to review an order of a surrogate is conferred upon the orphans court, an appeal from such order cannot be taken directly to the prerogative court.

3. An insurance company that has issued a policy payable to a beneficiary named therein upon the death of the insured has no interest in the appointment of an administrator of the estate of the insured, and, consequently, no standing to contest the validity of such appointment.

293

On appeal from the prerogative court.

*Mr. Ward Kremer,* for the appellant.

*Mr. John J. Quinn* and *Mr. Theodore Parsons,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

This is an appeal from an order of the prerogative court setting aside an order of the surrogate of Monmouth county, adjudging one Minnie Shirley to be dead, and appointing the appellant as administratrix of her estate.

The following are the material facts: On September 18th, 1922, the appellant, Mary Moyna, a resident of Asbury Park, filed a petition with the surrogate of Monmouth county, averring that Minnie Shirley, formerly a resident of that county, had been absent from the State of New Jersey for more than seven years, last past, and had not been heard from during that period; that she had taken out four policies of insurance in the Prudential Insurance Company, the respondent, of varying amounts (in all $880), and that said Mary Moyna was the beneficiary named in these several policies; that Minnie Shirley left no next of kin, so far as the petitioner was able to ascertain; and praying that an order to show cause be made why letters of administration on Minnie Shirley's estate should not be granted to her, the petitioner. Upon filing this petition a rule to show cause was made by the surrogate, returnable November 9th, 1922, by which he directed that cause be shown before him on the return day of the rule why an order should not be made declaring Minnie Shirley to be presumed to be dead, and why letters of administration should not be granted to the petitioner, Mary Moyna, or to such other fit and proper person as might be deemed advisable. This rule to show cause was duly published, according to law, and on the 27th day of November, 1922, the surrogate made an order ad-

judging the said Minnie Shirley to be legally dead and directing the issue of letters of administration on her estate to Mary Moyna, and thereupon letters of administration were issued in accordance with this order.  On February 6th, 1923, the Prudential Insurance Company, the present respondent, claiming to be a party interested in the estate of Minnie Shirley, filed a petition in the prerogative court challenging the validity of the surrogate's decree, and, upon a hearing had upon this petition, the order of the surrogate was adjudged invalid and was reversed and set aside.  The present appeal is taken by Mary Moyna, who challenges the validity of this adjudication.

The primary question to be determined is whether an appeal from an order of the surrogate granting letters. of administration can be taken directly to the prerogative court.  We think that such an appeal will not lie.  Section 201 of the Orphans Court act, which was engrafted into that statute by the legislature on March 17th, 1855 (*P. L. p. 342*), provides as follows:  "Any person aggrieved by any order or proceeding of a surrogate in * * * granting letters of administration * * * may, by filing a petition of appeal with the surrogate within twenty days after such order or proceeding, appeal therefrom to the orphans court, which appeal the said court shall hear in a summary way, and affirm or reverse the order or proceeding complained of, either wholly or in part."  By force of this section, any person aggrieved by such an order, who may desire to have it reviewed, must appeal to the orphans court first, and, afterwards, if he is not satisfied with the result in that court, further appeal to the prerogative court.

It is argued, however, that this section does not apply to the present case, because of the fact that the adjudication of the surrogate was twofold—first, that Minnie Shirley was presumed to be dead; and, second, that letters of administration on her estate should be granted; and that the adjudication on the first subject could only be reviewed by a direct appeal to the prerogative court; the contention being that section 203 of the Orphans Court act, which

declares that "all proceedings of surrogates from which an appeal is not provided for in the last two sections shall be subject to appeal to the prerogative court by any persons interested," applies, and that a review of the adjudication of death is not provided for except in this latter section. But this contention overlooks the fact that, as a preliminary to the granting of letters of administration, the surrogate must adjudicate the fact of the death of the person whose estate is to be administered; for, unless such death is proved, no letters of administration can be granted. An order directing the issue of such letters, therefore, contains, by necessary implication (when not expressly stated), an adjudication of the fact of the death of the alleged decedent.

We conclude, for the reason above stated, that the appeal to the prerogative court was improvidently taken, and should have been dismissed, rather than a hearing afforded to the appellant therein on the merits.

There is another reason why we are of the opinion that the appeal to the prerogative court should have been dismissed. The petition of the Prudential Insurance Company was filed with the ordinary, upon the theory that the petitioner had a status because it is a party interested in the administration of the Minnie Shirley estate. It seems to us that the corporation has no interest in this matter. As has already been stated, Minnie Shirley took out several policies of insurance upon her life with this company, payable to Mary Moyna upon the death of the insured. This being the fact, the estate of Minnie Shirley has no interest in these policies. The moneys due thereon belong, not to the personal representatives of Minnie Shirley, but to the beneficiary named in the policies, and, consequently, the obligation of the insurance company is to pay to the beneficiary and not to the administratrix of the Shirley estate. This obligation to pay the beneficiary became complete on the death of Minnie Shirley, providing the payment of premiums had been kept up until that event had occurred. If the beneficiary sues on the policies, she is bound to prove the existence of the facts which make them presently pay-

able; that is to say, she is bound to prove the death of the insured, and that the premiums have been paid up to the happening of that event, in accordance with the requirements of the policies. It seems to be assumed by counsel for the appellant that his client is "a person interested" in the administration of the Minnie Shirley estate, because her death may be proved in a suit brought to enforce the company's obligation on the policies by the production of a copy of the order of the surrogate adjudicating that fact. But this is not so. The administration of the alleged decedent's estate was a matter of no concern of the Prudential Insurance Company; it was not a party to the proceeding and had no standing to be heard therein. In this situation, the adjudication is without legal force, so far as it is concerned, and, consequently, would not be evidential against it in a suit brought by the beneficiary under the policies to enforce the obligations of the company thereunder. For this reason also the attempted intervention of the insurance company in the administration proceeding was without legal justification.

The order appealed from should be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, CLARK, MCGLENNON, KAYS—13.