The surrogate of the county of Hudson, by order bearing date November 15th, 1924, admitted to probate the last will and testament of Christopher Story, deceased, and letters testamentary were issued thereon to the executrix therein named, Mary Allaire Story, widow of the testator. On December 4th, 1924, Christopher Story, Jr., a son of the testator, filed with said surrogate a petition of appeal from said order, alleging therein as grounds of appeal — (1) mental incapacity of the testator; (2) undue influence exerted upon the testator; (3) non-compliance with statutory requisites of the law of wills. The matter of the appeal came on for hearing before the Hudson orphans court on March 16th, 1925, when the proctor for the said appellant informed the court the appellant *Page 717 
did not wish to further prosecute his appeal, and that he was without evidence to substantiate the grounds alleged in his petition of appeal; thereupon an order was made dismissing said petition. On October 19th, 1926, the orphans court made an order allowing to the proctor for said appellant the sum of $600 for counsel fees and disbursements. Said order is now before this court on appeal by the executrix and widow aforesaid, who urges that the orphans court was unauthorized to grant said counsel fee and disbursements. The petition of appeal to this court recites that the order appealed from requires payment of the counsel fee and disbursements "out of the funds of the estate of the said Christopher Story, deceased." There is no such recital as above quoted in the order as contained in the transcript of proceedings certified by the deputy surrogate of the county of Hudson in his certificate bearing date November 3d 1926, filed with the register of this court November 4th, 1926.
This matter was referred to former Vice-Ordinary John Griffin, and being one of the matters which remained undisposed of by him at the time of his death, was re-referred to me.
Proctors for the respective parties have submitted briefs. The respondent urges that the orphans court was authorized to grant the allowance mentioned in the order in question, and, referring to so much of section 197 of the Orphans Court act (Comp. Stat.p. 3885) as provides that — "in case it shall appear to the court that the person or persons contesting such will or codicil had reasonable cause for contesting the validity thereof, the court may order that the costs and expense of the litigation, as well on the part of such contestant or contestants as on the part of the person or persons propounding such will or codicil for probate, be paid out of the estate of the deceased," says: "The sense of the phraseology of the statute is clearly that the test in every case is as to whether or not there existed `reasonable cause for contesting the validity' of the will, and that the matter of allowance is one resting in the sound discretion of the trial court;" and, "the mere fact that the contestant did not have sufficient *Page 718 
legal evidence to establish his cause does not, in any wise, operate against its reasonableness."
It is well settled that counsel fees may be allowed, in a proper case, as part of the expenses authorized under section 197 of the Orphans Court act. Bioren v. Nesler, 76 N.J. Eq. 576;Kayhart v. Whitehead, 77 N.J. Eq. 12; affirmed, 78 N.J. Eq. 580.
See, also, In re Wandell, 92 N.J. Eq. 195 (at p. 200), wherein the ordinary (Chancellor Walker) says: "This section has been construed to authorize the inclusion of counsel fees as part of the expenses allowed to be awarded by that section. Kayhart
v. Whitehead, supra. In Bioren v. Nesler, supra, it was pointed out (at p. 579) that this practice has the express sanction of the court of errors and appeals."
The provisions of section 197 of the Orphans Court act clearly manifest that the authority of said court to require payment of costs and expenses out of the estate of the deceased is predicated upon a contest of the last will and testament, or codicil, and reasonable cause for contesting the validitythereof. In the matter sub judice it not only appears that there was no contest of the last will and testament of the deceased, but also that there was no reasonable cause for contesting the validity thereof. True, a petition was filed with the surrogate in behalf of Christopher Story, Jr., a son of the testator, appealing to the orphans court from the order of the surrogate admitting the aforesaid last will and testament to probate, but said appellant, when required to prosecute his appeal — in other words, to contest the order of probate of which he complained, and the validity of the aforesaid last will and testament, did not prosecute his appeal, but, on the contrary, made known to said court that he was without evidence to substantiate the grounds of his appeal, and thereupon a decree was entered dismissing his petition of appeal. The order for counsel fee and disbursements, which is the subject of appeal in this court, was made nineteen months after the entry of said decree.
Where no good grounds of appeal appear, the appellant should not have an allowance of costs or counsel fee out of the estate.McCurdy v. Neall, 42 N.J. Eq. 333 (at p. 336). *Page 719 
If the practice of allowing counsel fees and disbursements from the estate of a decedent to one who merely files a petition of appeal from the order admitting a will to probate, and on the date set for the hearing of the appeal makes known to the court that his petition was not well founded, and that he is unable to substantiate the grounds alleged therein, were to be encouraged, estates may be unreasonably depleted. Although allowance of costs and counsel fees to be paid from the estate of a testator to persons whom the orphans court adjudges have reasonable cause for contesting the validity of the testator's will is, by statute, discretionary with said court, yet, when there exist no reasonable grounds for contesting the order admitting the will to probate, and no reasonable cause for contesting the validity of the will, as is manifest in the case sub judice, allowance thereof should be denied.
This court, in Mallet v. Bamber, 33 N.J. Eq. 253, 254, in speaking of the discretion conferred upon the orphans court in the allowance of costs, expenses and counsel fees of a caveator against the probate of a will, says: "It is a discretion which should be carefully exercised; and while, on the one hand, due examination and scrutiny into the circumstances of the making of a will are not to be discouraged, contests not undertaken in good faith * * * are in no wise to be encouraged."
The proctor for the respondent urges that the discretion exercised by the orphans court in making the allowance in question is not appealable, except where an abuse of the discretion is clearly shown, and that as the orphans court has exercised the discretion conferred upon it, its action is not appealable. This court, In re Wandell, supra, referring (at p.200) to section 197 of the Orphans Court act, says: "This does not confide the power of award to the mere discretion of the court, and, if it did, that would doubtless comprehend a sound judicial discretion, which is appealable."
In Canfield v. Ball, 8 N.J. Eq. 582 (at p. 585), the ordinary (Chancellor Halsted) says: "* * * The allowance of costs to the caveator, though he failed to support his caveat, has become too general; so general as to induce groundless opposition to wills." *Page 720 
In Burr v. Burr, 53 N.J. Eq. 627, 630, the ordinary (Chancellor McGill) indicated that the legislative purpose of the enactment of the Orphans Court acts commented upon therein and more particularly referred to in Perrine v. Applegate, 1McCart. 531, which he cited, conferring discretionary power upon said court in the allowance of costs and expenses from the estate of a testator to unsuccessful contestants of the last will and testament of such testator — "was to rebuke a theretofore habitually unjust exercise of judicial discretion by the several orphans courts."
Vice-Ordinary Backes, In re Sebring's Will, 84 N.J. Eq. 453
(at p. 457), referring to the case of Perrine v. Applegate,supra, and appropos of the practice of allowance of counsel fees to unsuccessful contestants of a will, commented upon the failure of the contestant to furnish testimony to meet the requirements of the law to sustain the charge of undue influence in question, and says: "The testimony in no sense meets this definition, and the caveatrix could not, in reason, have believed that it would. In such circumstances, to imburse the caveatrix to enable her to pay her counsel, or to reimburse her for such outlay, would be to revive the old practice denounced by the chancellor in Perrine
v. Applegate, supra, in the following language: `Previous to the act of 1855, a practice obtained in at least some of the counties of the state, in all litigated cases, of charging the entire costs of contesting the validity of wills of both parties upon the estate. There is no legal justification for such practice. It affords an easy mode for a disappointed heir to thwart the intentions of the testator by squandering the estate in litigation, or compelling the legatees to accede to unreasonable terms of settlement. Instances are not wanting where entire estates have been swept away by protracted litigation. It is, in fact, a bounty upon litigation. I speak but the common sentiment of the profession in saying that the practice was fraught with great evils and operated most oppressively upon legatees.'"
In re Wintermute's Will, 27 N.J. Eq. 447, the ordinary (Chancellor Runyon), in refusing to allow costs to a caveatrix, *Page 721 
says (at p. 458): "It must," said the ordinary (Chancellor Green) in Perrine v. Applegate, 1 McCart. 531, 538, "be an extreme case that would justify a court in giving costs to an unsuccessful party in contesting a will."
In Meyers' Case, 71 N.J. Eq. 724, the ordinary (Chancellor Magie), in holding that the orphans court was unauthorized to make the order for counsel fees in question, says: "The contest over the admission of the will to probate has been raised by acaveat, but it ceased by the withdrawal of the caveat. It was therefore admitted to probate without a contest."
I am of the opinion that the orphans court was unauthorized to grant to the proctor of the appellant before said court the allowance for counsel fee and disbursements mentioned in the order of October 19th, 1926, which is the subject-matter of this appeal, and I will advise a decree reversing said order. *Page 722 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 723