Albert Allen, late of the city of Pleasantville, county of Atlantic and State of New Jersey, died on the 22d day of October, A.D. 1928. A paper-writing purporting to be his last will and testament, bearing date the 7th day of September, 1928, was presented to the orphans court for probate by Kathryn Ailes, therein named as executrix, on the 3d day of November, 1928.
A caveat having been filed, an administrator pendente lite
was named and the matter of the probate was brought on for hearing. A vast amount of testimony was taken, with the result that on the 14th day of January, 1930, the said paper-writing was admitted to probate and letters testamentary thereon were issued to the said Kathryn Ailes, executrix therein named.
In said order, counsel fees were ordered and allowed as follows: To H.W. Lewis and Lewis Starr, esquires, proctors *Page 562 
for proponent, $10,000, together with their costs and expenses amounting to $826.05; to Allen B. Endicott, esquire, proctor for the caveator, $10,000, together with his costs and expenses amounting to $1,105.67; to William Elmer Brown, Jr., esquire, proctor for Thomas Allen et al., "who were cited as legatees under a former will of or as next of kin of said Albert Allen, deceased," $3,000, together with his costs and expenses amounting to $473.50.
From this order Lillian Seltzer-Reulens appealed. Kathryn Ailes, legatee, appeals from that part of the decree wherein counsel fees are allowed.
The opinion of the judge of the orphans court succinctly states the facts of the case, except he errs in stating that the testator left no relatives other than some aged brothers and sisters, while the facts are that in addition thereto there were certain nephews and nieces.
I am not prepared to agree with the clause in the opinion of the orphans court judge where he says: "If the testator, at the time of his death, had children, a wife or next of kin dependents, the court would not hesitate to deny probate of his will, upon the ground that it was unreasonable in its provisions, and inconsistent with the duties of the testator, with reference to his property and his family." It was unnecessary to decide that question.
I will advise a decree affirming that portion of the order directing the probate of the will for the reasons stated in the opinion of the learned judge of the orphans court.
While it is true that a considerable number of lawyers were engaged in this litigation, the estate cannot be surcharged by reason thereof. It is also true that a great volume of testimony was taken and much time consumed in the hearing of the cause. It was stated that the total amount of the estate, both in New Jersey and in Pennsylvania, was about $165,000. I cannot help but be convinced that fees and costs amounting to approximately sixteen per cent. of the total estate are excessive when the result obtained is simply the determination of the question of probate. *Page 563 
Chancellor Walker, as ordinary, In re Wandell, 92 N.J. Eq. 195,
held: "An allowance made by the orphans court of counsel fees on a contest over the probate of a will ought not to be overthrown by this court on appeal, unless it quite conclusively appears that the allowance was excessive (in which case it should be reduced), or that the contest below developed no reasonable ground for further litigation, and where the decision of the orphans court that the unavailing contest was reasonable in that tribunal can be upheld, it should be; and where the judge of the orphans court, who tried the cause and saw and heard the witnesses, concluded there was reasonable ground of contest there, he should be upheld, if he may be, without doing violence to the case as it appears upon the record.
"One provision of the statute is that the contesting party shall pay the costs and expenses of the litigation unless he offers no evidence other than that of the subscribing witnesses. Therefore, a party who would inherit in case of intestacy may, in any event, examine the subscribing witnesses without peril of costs being visited upon him; but, where he goes on with an affirmative contest, he shall not have costs out of the estate (unless the trial court concludes that there was reasonable ground therefor); and, although the contest may be reasonable in the orphans court, yet, if the losing party is not satisfied with its judgment and appeals to this court, as is his right, this court will determine whether or not the contest here was reasonable, quite irrespective of the decision in the court below as to the reasonableness of the contest there."
I will accept the conclusion of the orphans court that there was reasonable ground of contest, but am constrained to advise that the fees allowed to the proctors of the proponent be reduced to the sum of $7,500, together with their costs and expenses; the proctor for the caveator to a like sum of $7,500, together with his costs and expenses, and to the proctor of Allen and others, legatees under a former will, to the sum of $2,500, together with his costs and expenses. *Page 564