One John T. Walsh sustained fatal injury while operating a motor vehicle in Atlantic County on November 8th, 1941. On February 10th, 1942, letters of general administration of the decedent's estate were granted by the Ordinary to Paul R. Fenton. Thereafter an action at law was instituted against the administrator by Harold A. Neiswanger to recover damages for bodily injuries and incidental losses alleged to have been occasioned by the negligence of the decedent in the unfortunate mishap. A policy of insurance against such liability had been issued to Walsh prior to the accident by a private corporation known as the Government Employees Insurance Company. This company now petitions the Ordinary to revoke the letters of administration issued to Fenton. The reason assigned is that the decedent was not a resident of New Jersey but in truth a resident of the State of Pennsylvania.
The present application presents two subjects of controversy debated by counsel. The one is essentially factual. The evidence relevant to the factual issue is exceedingly *Page 377 
meager. The duly verified petition for the issuance of letters of administration declares that the decedent was a resident of Camden County, New Jersey. Accompanying this petition were the renunciations, duly acknowledged, of the mother and sister of the deceased in both of which the intestate's domicile is stated to have been in the Borough of Collingswood, Camden County, New Jersey. At the time of his death the decedent was a soldier in the United States Army stationed at Fort Dix, New Jersey. To overthrow this evidence, the death certificate signed by the county physician of Atlantic County is submitted in which the "former or usual residence" of the deceased is given as No. 5614 Heiskell Street, Germantown, Pennsylvania. The source from which the county physician of Atlantic County acquired this information is not disclosed. Additionally, an affidavit of a representative of the insurance company is tendered in which the deponent states that he examined the records of the tax assessor and draft board and made inquiry of the police department of Collingswood and that he ascertained nothing to indicate that the deceased resided in that borough. Moreover, this deponent relates that he made inquiry of the occupant of a residence adjacent to No. 5614 Heiskell Street and of the proprietor and patrons of a nearby tavern and that the persons consulted were of the impression that the deceased resided with his mother at the Heiskell Street address prior to his enlistment in the army. In legal competency and probative force this affidavit is exceedingly deficient. The prayer of the petitioner might well be denied because of the inadequacy of proof that the decedent was not a resident of this state.
The second point debated projects a question of law which is somewhat intriguing. In the existing circumstances, has the insurance company the requisite status, right or interest to enable it to challenge the propriety of the order granting the letters of administration to the present administrator?
Three cases are found in our reports which seem to promote the conclusion that the insurance company has no interest in the administration of the decedent's estate which entitles it to attack the order. In Buecker v. Carr, 60 N.J. Eq. 300; *Page 378 47 Atl. Rep. 34, it was held that one who was neither a creditor, next of kin, nor in any other way interested in a decedent's estate may not question the efficiency of letters of administration which are valid on their face. In Moyna v.Prudential Insurance Co., 96 N.J. Eq. 293; 125 Atl. Rep. 99, it was held by the Court of Errors and Appeals that an insurance company which has issued a policy payable upon the death of the insured to a beneficiary named therein, has no interest in the appointment of an administrator of the estate of the insured, and consequently no standing to contest the validity of such appointment. In Loughney v. Thomas, 117 N.J. Law 169;187 Atl. Rep. 329, when a like question was raised in relation to the appointment of an administrator ad prosequendum, the Court of Errors and Appeals held that such administrator was in reality a trustee to prosecute the action and that the defendant was not prejudiced or harmed by the quality of his appointment. These cases would appear to be controlling because this petitioner in the existing circumstances has no interest in the estate of the late John T. Walsh. Its interest is that of a potential debtor who may have to pay a judgment pursuant to the terms of its policy. See, also, 23 C.J. 1090 § 248, where it is stated:
"A grant of administration valid on its face can be attacked only by a creditor or next of kin of the decedent, or some other person in some way interested in the estate."
The only asset of the decedent's estate is the demolished automobile of merely nominal value.
The following cases have not been unobserved: Russell's Case,64 N.J. Eq. 313; 53 Atl. Rep. 169; In re Fischer, 118 N.J. Eq. 599; 180 Atl. Rep. 633; Burr v. Burr, 53 N.J. Eq. 627;33 Atl. Rep. 796, which seem to hold that the fact of residence is one of jurisdiction and from which it can be argued that in the absence of this jurisdictional fact, the order or decree granting the letters of general administration would be void. The case ofReynolds v. Lloyd Cotton Mills, 177 N.C. 412;99 S.E. Rep. 240; 5 A.L.R. 224, adopts a similar view. In re Barmeier'sEstate, 282 N.Y.S. 695, *Page 379 
the surrogate of Queens County, New York, held that among the rights possessed by a potential debtor of an estate was the right to attack directly the issuance of letters. That decision, however, upon appeal to the appellate division (288 N.Y.S. 318;248 App. Div. 636) was modified, the court saying, "We are of the opinion however that such discretion should not be exercised in favor of the appellant Reese, since he is not a party interested in the estate, nor a creditor thereof, nor is he aggrieved because he will be amply protected by any judgment entered in the action in the Canadian court." This decision was unanimously affirmed by the highest court of New York, 272 N.Y. 601; 5 N.E. Rep. 2d 351. This final decision is in harmony with Loughney v. Thomas, supra, in which Chancellor Campbell said, "His or her appointment in an improper manner or by an unauthorized officer cannot injure or affect the substantial rights of the defendants * * *. Assuming that the appointment by the surrogate of Morris County was unauthorized we are unable to see how the defendants were harmed or prejudiced."
 An order will be advised dismissing the petition. *Page 380